8 563
103 604

## WOOD'S ADM'R v. BROWN.

1. The act of December, 1844, declaring that "it shall not be lawful for any of the Judges of the Circuit or County Courts," to sign bills of exception after the adjournment of the Court, unless by counsel's consent, *in writing*, a longer time, not beyond ten days be given; is mandatory in its terms, and intended to provide for an evil which requires that it should be interpreted according to the import of the language employed; consequently a consent extending the time for perfecting the bill must be in writing.

Writ of Error to the County Court of Dallas.

THE defendant in error moves to strike the bill of exceptions from the record, on the ground that it was signed and sealed by the presiding judge after he had adjourned his Court for the term. The facts are substantially these, viz: Certain questions were reserved at the trial, and a bill of exceptions was drawn up by the defendant's counsel, and handed to the judge during the term; as usual in such cases, the judge gave it to the plaintiff's counsel, who then, or not long afterwards, requested that time might be allowed for examining and noting objections to the bill. Thereupon the defendant's counsel expressed a wish to be present when the bill was being examined and passed upon, and asked that a day might be fixed for that purpose. The docket was exceedingly heavy, and being satisfied that the bill could not conveniently be examined during the term, in compliance with the request of the defendant's counsel, a day was appointed exceeding a week from the adjournment of the court. This arrangement, it was understood, was verbally assented to, by the counsel on both sides. Accordingly, on the day appointed, the judge was furnished the notes of objections, alterations and additions of the plaintiff's counsel, and with the aid of the suggestions of the counsel of the respective parties, prepared and signed the bill now found in the record. When the bill was signed, the presiding judge had no intimation that the act of 20th December, 1844, which prohibits the allowance and signing of bills of exception in

vacation had passed, nor is there reason to believe that the counsel on either side were aware of the existence of the act.

G. W. GAYLE, for the plaintiff in error.
C. G. EDWARDS, for the defendant.

COLLIER, C. J.—By the act of 20th December, 1844, it is enacted, " that hereafter it shall not be lawful for any of the judges of the Circuit or County Courts to give or sign bills of exception, after the adjournment of the Court, at which they may preside, at which the exception may be taken : *Provided however*, by the consent of counsel reduced to writing, a longer time may be allowed, not to extend beyond ten days from the adjournment. of said Court." Further, " it shall be the duty of each judge of the Circuit and County Courts, when they sign bills of exceptions, to add thereto the correct date of such signing."

The terms of this enactment very clearly indicate, that it is not merely directory to the judges, but that it is mandatory, and its observance imperative. It declares that it *shall not be lawful for any of the judges to sign bills of exception*, &c. and is not a direction to them to perfect bills in term time.

The evil complained of was, that the judges were frequently called upon after the Court at which the causes had been tried, had adjourned, to seal bills of exception, and when the facts and the points reserved had faded from their memory; that sooner than submit to the suspicion of not being willing to have their judgment revised, they sometimes signed bills which were inaccurate, and which occasioned a reversal to the prejudice of the other party. To avoid such a result, the act in question was passed.

The assent of the parties, that the judge might retain the bill, examine and sign it after Court, we think can have no. influence. The statute, by way of *proviso* to the sweeping prohibition, declares that the consent of counsel, in writing, may legalize the signing, if made within ten days after the Court closes its sitting. This *proviso* must be regarded as an exception, and equivalent to an express inhibition to sign a bill out of term time, unless the consent is thus given.

We decline considering, at this time, whether the defendant can have the benefit of his bill of exceptions, by adopting the

course prescribed by the act of 1826, where the judge fails or refuses to certify an exception taken on the trial of a cause. A motion having that object in view, will be entertained and adjudicated when it is explicitly made.

Our conclusion is, that in the present aspect of the case, the bill of exceptions cannot be regarded as a part of the record, and will therefore be stricken out.