HADEN ET AL. *vs.* BROWN ET AL.

1. A bill of exceptions must, in every case, show upon its face that it was signed and sealed, either in term time, or within ten days thereafter, by consent in writing; and whenever these requisites are wanting, it cannot be recognized as any portion of the record.

2. But when the bill of exceptions is shown to have been perfected, except as to the signing and sealing by the judge, and he fails to act upon it within the time prescribed by law, and his failure is not attributable to the party excepting, the latter may establish his exceptions under the act of 1814, (Clay's Digest 307, § 5;) and he is not precluded from doing this, when the judge subsequently signs the bill and it is stricken from the record.

MOTION by the defendants in error to strike the bill of exceptions from the record, because it appeared on its face to have been signed by the presiding judge after the adjournment of the court.

The counsel for the plaintiff in error, E. W. Peck, submitted an affidavit, setting forth that the exceptions were taken during the progress of the trial in the court below; that the bill was prepared by himself, as counsel for the plaintiff, and J. J. Ormond, as counsel for defendant, and was submitted to the presiding judge several days before the adjournment of court, in order that he might write out in his own language the charges given to the jury; that the judge wrote out his charges, but neglected to date, sign and seal the bill; that affiant supposed the bill had been properly signed and sealed, and did not notice the failure until some time after the adjournment of the court. The affidavit of the presiding judge was also submitted, attached to the record, stating substantially the same facts.

ORMOND & NICOLSON, for the motion.

E. W. PECK, *contra*.

GOLDTHWAITE, J.—A motion is submitted in this case, on the part of the defendants in error, to strike the bill of exceptions from the record, upon the ground that it appears, on its face, to have been signed by the presiding judge after the adjournment of the court at which the trial was had. The fact that it was so signed, is conceded by the counsel for the

plaintiffs in error; but he has offered affidavits, which, as he insists, show a state of facts which should, in law, exclude the present case from the operation of the act of 1844, (Pamphlet Acts 1843–4, p. 5,) upon which the motion is predicated.

This act has been twice before this court, (Wood v. Brown, 8 Ala. 563, and Kitchen v. Moye et al., 17 Ala. 143,) and has, in the cases cited, received a judicial construction, from which, so far as the present motion is concerned, we are not disposed to depart. The bill of exceptions must, in every case, show affirmatively upon its face, either that it was signed and sealed in term time, or that it was done within ten days thereafter by consent in writing; and wherever these requisites are wanting, it cannot be recognized as any portion of the record. Even if a mistake has been committed, by affixing a wrong date, we see no means of rectifying it in this court, unless there is some matter of record upon which to predicate the amendment. Kitchen v. Moye et al., *supra*. As the statute is imperative, upon all cases properly falling within the sphere of its influence, and as amendments to the record are cut off under the operation of the rule we have referred to, it follows that the motion made by the defendants in error must be allowed.

But, while we are constrained to adopt this course, we would not be understood as deciding, that, in every case in which the judge has signed a bill of exceptions out of term time, a party is thereby deprived of his right to revise the action of the court before an appellate tribunal, The act of 1814 (Clay's Digest 307, § 5,) in effect provides, that, if, on the trial of any cause, either party shall think himself aggrieved by the decision of the court, he may tender his bill of exceptions, which, if correct, the judge is bound to sign and seal; and in case he shall fail or refuse so to do, the Supreme Court may receive such evidence of the exceptions as may be satisfactory, and try the cause as if the same had been certified. The terms of this act are sufficiently explicit. If the counsel tendered a bill of exceptions, stating correctly the points reserved, it was the duty of the judge to sign and seal it; and failing so to do, a remedy was provided. If the court was adjourned by the sudden death of the presiding judge, before he had time to examine a bill of exceptions which had been tendered, would it be contended, that it was not a failure

to sign the bill, within the meaning and contemplation of the statute? And so, if he, by inadvertence, neglected to sign and deliver one which had been presented to him during the term. In either of these cases, we apprehend, there would be no question as to the right of the party aggrieved, to proceed to establish the exceptions under the act of 1814; and although, in the case last put, the judge might have perfected the bill by his signature after the adjournment of the court, inasmuch as that act could give the instrument no legal validity, it would be precisely the same as if he had left it unsigned, and the right of the party could not be in any wise affected by his unauthorized act. Neither one of the cases to which we have referred in the first part of this opinion, as they are understood by a majority of the members of this court, is inconsistent with the views we have expressed. In the case of Wood v. Brown, *supra*, the exceptions were retained by the judge, with the consent of counsel not reduced to writing, for examination and revision, until some days after the adjournment of the court. There was no failure or refusal on his part; for the parties to the record consented that he should defer his action until a period when, by operation of law, it became unlawful. And in Kitchen v. Moye, the motion to amend the bill of exceptions was overruled, under the influence of the technical rule to which we have before adverted.

The precise extent to which the act of 1814 is affected or modified by that of 1844, we do not decide; all we mean to say is, that where a bill of exceptions is shown to have been perfected, with the exception of the signing and sealing by the judge, and he fails to act upon it within the time prescribed by law for his action, and such failure is not attributable to the party who has taken the exceptions, he may proceed to establish the exceptions under the statute of 1814, and is not precluded from doing so, because the judge subsequently signs the bill, and it is stricken from the record.

We have felt no hesitation in going outside of the motion, in the shape in which it was submitted, as the whole ground was covered by the counsel; and also for the purpose of giving a full expression of our views in relation to the construction of the two statutes, and of indicating the course to be pursued in certain cases falling within the act of 1814.

The motion must, as we have already said, be allowed.