## STEIN *vs.* McARDLE & WATERS.

1. Under the act " to regulate the sessions of the Circuit and City Courts of Mobile," (which provides (Pamph. Acts 1853-4, p. 92, § 8) that execution shall issue at the expiration of twenty days from the rendition of any judgment, and "that the said judgment shall be final, in every respect the same as if the minutes of the court had been signed, and the court adjourned ; but the defendant shall not be thereby prevented from moving for a new trial, or in arrest of judgment, nor deprived of any right he would otherwise have had,") a bill of exceptions, which is not reduced to writing and presented to the judge for signature until after the expiration of twenty days from the rendition of the judgment, will be regarded as not presented until after the adjournment of the court.

2. A bill of exceptions, which was not reduced to writing and presented to the judge for signature within the time prescribed by statute, cannot be established (Code, § 2856) upon proof that the cause, which involved less than $20, was submitted to the judge without the intervention of a jury, and was held under advisement by him,—that the counsel of the party excepting frequently applied to him to know whether he had decided it, and was told by him that he had not ; and that a judgment was afterwards rendered by him without notifying the counsel, although they were in daily attendance on court, of which they had no notice whatever until after the expiration of the time prescribed for signing bills of exceptions.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

MOTION to establish a bill of exceptions. In support of the motion, Mr. ROBINSON, of counsel for the appellant, submitted the affidavits of himself, Mr. Blount, and Mr. Chamberlain, who were attorneys for the appellant in the court below, in which they stated that the case (involving less than $20) was submitted to the decision of the court without the intervention of a jury, and was taken under advisement; that they frequently applied to the judge to know whether he had decided the case, and were informed by him that he had not ; that they were in daily attendance on the court, and had no notice whatever that the case had been decided until more than twenty days after the rendition of the judgment, when they learned that an execution had already been issued on it; that they immediately prepared the bill of exceptions, (which

is sworn to be correct,) and handed it to the judge for his signature, but he refused to sign it.

Endorsed on the bill of exceptions, is the following certificate of Judge McKinstry :

" I certify that I do not think the attorneys of Mr. Stein are chargeable with negligence in not presenting their bill of exceptions. The case was taken by me under advisement, and no decision was publicly announced by me ; nor did I give Mr. Stein's attorneys notice of having rendered the same, although the judgment was entered on the minutes of the court. But, as the bill was presented for my signature more than twenty days after the rendition of the judgment, I did not conceive that I had power to sign it."

C. P. ROBINSON and F. S. BLOUNT, for the motion.

J. Y. BLOCKER, *contra.*

GOLDTHWAITE, J.—A motion is made to establish a bill of exceptions in this case under section 2356 of the Code. The affidavits, on which the application is based, show that the exceptions were not reduced to writing, and submitted to the judge for his signature, until more than twenty days after the rendition of the judgment ; and as under the eighth section of the act of 17th February, 1854, (Acts 1853-4, p. 92,) the judgment after that period became final, as much so, in the language of the act, "as if the minutes of the court had been signed, and the court adjourned," we must regard the exceptions as if they had been presented after the adjournment of the court, in which case, the judge is prohibited from signing the same, unless by the consent of the counsel in writing, when it may be signed within ten days thereafter (Code, § 2358).

It is urged, however, on behalf of the application, that a state of facts is shown by the affidavits submitted, which should take the case out of the statutory rule. These facts are, that the case being under twenty dollars, and for the determination of the court without the intervention of a jury, was, after the trial, taken under advisement ; that the counsel frequently applied to the judge, to learn whether he had decided the cause, and was informed by him that he had not ;

and that a judgment was ultimately rendered by the judge without notifying the counsel, although the latter was in daily attendance upon the court. The law requires all judgments to be entered on the minutes of the court, and a recourse to them would have furnished to the counsel the necessary information. It did not devolve upon the judge, as a legal duty, to notify the counsel of his judgment; and his not doing so could therefore furnish no ground for the failure to comply with the requisitions of the statute, which, in effect, demands that the bill should be presented before the adjournment of the court.

The motion must be denied.