SARAH MONTGOMERY v. JOSEPH LEUWER and Others.[1]

January 20, 1905.

Nos. 14,171—(149).

**Payment—Pleading and Proof.**

> Where an obligation requires a specific sum of money to be paid at
> a certain time, allegation and proof of payment is strictly a matter of
> defense, and does not impose on the party relying upon default or de-
> mand the duty of affirmatively showing those facts.

Appeal by defendants from an order of the district court for Scott
county, Cadwell, J., denying a motion for a new trial. Affirmed.

*F. C. Irwin,* for appellants.

*O. H. O'Neill,* for respondent.

LOVELY, J.

This action was brought to recover rent claimed to be due on a
frame building in the village of Belle Plaine, leased to the defend-
ants for one year at the annual rental of $216, payable in quarterly
instalments of $54 in advance. The complaint alleges the execution of
a written lease in accordance with the terms above stated; also that
defendants took possession thereunder; that plaintiff had performed
the conditions thereof, but defendants had failed to pay the rent of the
two last quarters of the year which had expired at the time the action
was commenced. Defendant Leuwer answered, denying the allegations
of the complaint and setting forth affirmative matter to show that the
premises became uninhabitable, with specific averments of their char-
acter in that respect. Defendants Witt and Affolter denied the execu-
tion of the lease, or that they were indebted to the plaintiff in any
sum.

The action was, by agreement, submitted to a referee to try and
determine the same. On the trial of the cause, when reached before the
referee, the plaintiff introduced the contract of lease, which sustained
the allegations of the complaint, and then rested, without proof of de-

[1] Reported in 102 N. W. 367.

mand or any default in the payment of the rental due from the defendants, or either of them, whereupon defendants moved to dismiss the action, which motion was denied; and, afterwards upon hearing in the district court, judgment was ordered in favor of the plaintiff for the amount demanded in the complaint. This appeal is from an order denying a motion to set aside the report of the referee, and refusing a new trial.

The execution of the lease set out in the complaint was established at the time it was offered in evidence; hence it would follow that the defendants would be liable for the whole amount of the rent to accrue under such lease, unless it had been paid, or plaintiff would be required to prove a demand or nonpayment, but this was affirmative matter of defense to be shown by defendants, and the burden to prove the same rested upon them. Where, under the terms of a written obligation, a specific sum of money becomes due and payable at a certain time, the production of such obligation establishes prima facie that the amount therein stipulated to be paid is due, and it is not incumbent on the person holding such obligation in the first instance to show either that demand has been made, or that there has been a failure to comply therewith. We think this is too firmly established on authority, as a question of pleading and proof, to now admit of any doubt. 9 Am. & Eng. Enc. (2d Ed.) 199; Romer v. Conter, 53 Minn. 171, 54 N. W. 1052; First Nat. Bank of Shakopee v. Strait, 71 Minn. 69, 73 N. W. 645; Marshall & Ilsley Bank v. Child, 76 Minn. 173, 177, 78 N. W. 1048.

It is practically conceded by defendants that this rule would apply, had the plaintiff claimed the whole amount due, but, having demanded only a part, a different rule should prevail. Upon a question of the construction of pleadings, and the inference that follows therefrom, it may be regarded as a legal as well as a mathematical rule in such cases that the greater includes the less; and, if the production of the lease was sufficient to show prima facie that the whole amount of rent was due, it would seem to be reasonable to conclude that the defendants had no right to complain.

Order affirmed.