[Bradberry v. The State.]

# Bradberry *v.* The Siate.

*Orine.*

(Decided July 6, 1910. 53 South. 266.)

1. *Bill of Exceptions; Establishment.*—To establish a bill of exceptions under section 3021, Code 1907, it is necessary to show that a correct bill was tendered to the trial judge and that he failed or refused to sign it.

2. *Same.*—To establish a bill of exceptions under the provisions section 3023, it must be shown that the trial judge had either died, resigned or vacated his office, and where it appears that he had neither failed nor refused to sign the bill, that it had never been presented to him for signature and that he had neither died, nor resigned nor vacated his office, this court cannot establish such bill.

APPEAL from Bullock Circuit Court.

Heard before Hon. A. A. EVANS.

John C. Bradberry was convicted of an offense and he appeals, and endeavors to establish a bill of exceptions. Motion to establish bill of exceptions denied and cause affirmed.

ERNEST L. BLUE, and L. M. MOSELEY, for appellant.

ALEXANDER M. GARBER, Attorney General, THOMAS W. MARTIN, Assistant Attorney General, and R. E. L. COPE, for the State.

ANDERSON, J.—In order to establish a bill of exceptions in this court, under section 3021 of the Code of 1907, it must appear that a correct bill was tendered the trial judge, and he failed or refused to sign same.— *Haden v. Brown*, 22 Ala. 572; *Stein v. McArdle*, 25 Ala. 561; *Judge v. State*, 58 Ala. 402; *Hale v. Goodbar*, 81 Ala. 108, 2 South. 467. A bill of exceptions was presented to the judge, who refused to sign same, because

[Bradberry v. The State.]

it was not correct, and, if it was not correct, he properly refused to sign same. It has been agreed that the one sought to be established is correct, and, as it differs from the one presented to the judge, the one so presented was not correct. Indeed, it was admitted upon the submission of this cause that the two bills are not substantially identical, and that the one sought to be established is the correct one. The appellant is not therefore entitled to establish his bill under section 3021. Nor does he bring himself within the influence of section 3022. It is true said last section authorizes the establishment of the bill of exceptions, if the judge dies, resigns, his term of office expires, "or if from other good cause he does not sign a bill of exceptions duly presented to him within the proper time." The judge did not die, resign, or vacate the office before the time for signing the bill of exceptions expired, and he did not fail to sign the present bill of exceptions after it was duly presented to him as it was never presented. The one presented was not correct and cannot be established, and the second one cannot be established, for, although correct, it was not presented to the judge and which fact is essential to the establishment of same under section 3022, unless the judge died, resigned, or his term of office expired before the time limit for signing same.

The motion to establish the bill of exceptions must be overruled, and, as no reversible error is disclosed by the record proper, the judgment of the circuit court is affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.