# Hughes *v.* Albertville·Mercantile Co.

### *Assumpsit.*

(Decided Feb. 7, 1911.  56 South. 120.)

1. *Bill of Exceptions; Establishment; ·Grounds; Signature of Judge.*—Although under section 3021, Code 1907, a judge is not at default for a failure or refusal to sign the bill of exceptions, so as to enable the aggrieved party to establish the bill, until a correct bill is tendered, yet when a correct bill is tendered the judge, it is his duty to sign it as presented, and his signing it, after improperly changing it, is not a signing of the bill, but is in effect, a failure or refusal which will enable the aggrieved party to establish it under the statute, although it was signed after being changed.

2. *Appeal and Error; Conclusiveness of Record; Bill of Exceptions.*—Where a judge changes a bill of exceptions, whether properly or not. and without action to establish a proper one, the one so signed, is made a part of the record, it will be considered by this court, as the proper one, and cannot be changed or corrected by resorting to extraneous matters.

(McCiellan, J., dissents.)

APPEAL from Marshall Circuit Court.

Heard before Hon. A. H. ALSTON.

Assumpsit by J. W. Hughes against Albertville Mercantile Company.  From the judgment, Hughes appeals and submits a motion to establish a bill of exceptions. Motion .granted.

Subsequently to the handing down of this decision the case was transferred to the Court of Appeals, for a decision on its merits, and will be found reported in .3 Ala. App. 462; 57 South. 98.

E. A. HAWKINS and JOHN A. LUSK, for appellant. No brief reached the Reporter.

STREET & ISBELL, for appellee. No brief reached the Reporter.

ANDERSON, J.—The preponderance of evidence shows that a correct bill of exceptions was presented by the movant to the presiding judge, who was no doubt actuated by an honest impression and good intentions, made a material but improper change in same before signing. Section 3021 of the Code of 1907, provides for the establishment of a bill of exceptions when the judge fails or refuses to sign same.

We have heretofore held that in order to put the judge in default for a failure or refusal to sign, so as to enable the aggrieved party to establish one, it must appear that a correct bill was tendered.—*Bradberry v. State,* 168 Ala. 141, 53 South. 266. On the other hand, we hold that, when a correct bill is presented, it is the duty of the judge to sign same as presented, and the signing of same, after improperly changing it, is not the signing of the bill of exceptions, but is, in effect, a failure or refusal which will enable the appellant to establish same under the statute.

Of course, if a judge should change the bill, whether properly so or not, and no action is taken to establish a proper one, and the one so signed is sent up and made a part of the record, the one so sent up will be looked to and considered by this court as the proper one, and it cannot be corrected or changed by resorting to extraneous matters. This rule has been repeatedly adhered to by this court in many cases, among which will be found the case of *Turner v. White,* 97 Ala. 545, 12 South. 601. It was there suggested, however, that if

the bill, as signed by the judge, was not a correct one
the appellant should have proceeded under the statute
to establish a proper one—a course adopted by this
movant, and the motion to establish the bill is hereby
granted.

In the case of *Gunter v. Pollack,* 169 Ala. 591, 53
South. 1002, the motion to establish the bill of excep-
tions was overruled, for the reason that the proof showed
that the one tendered the judge was not a correct one,
in that it purported to contain all the evidence, when
it did not in fact do so. The majority of the court did
not deny the motion, upon the idea that appellant was
precluded from establishing a true one, by the action of
the judge in signing a paper, deemed by him as correct,
but which was not in fact a correct bill of exceptions.
The majority wrote no opinion in this case, and an ex-
amination of the opinion of Justice MCCLELLAN will dis-
close the fact that he was not expressing the views of
the court, but was giving his invidual reasons for con-
curring, and which said views were not then and are not
now entertained by the court. We repeat that the
changing of a correct bill of exceptions, so as to make it
incorrect, notwithstanding the same is signed after the
change, is, in effect, a failure or refusal to sign a correct
bill, and gives the appellant the right to proceed under
the statute to establish the true one.

DOWDELL, C. J., and SIMPSON, MAYFIELD, SAYRE, and
SOMERVILLE, JJ., concur.

McCLELLAN, J.—(dissenting.)—When the minute
entry and the last paragraph of what purports to be a
bill of exceptions, in the transcript, are read together,
it appears that the judgment was entered on October 14,
1910, and tht the bill was *presented* to the *presiding*

36—173

judge on September 27, 1910, about 17 days *before* the judgment entry expressly fixes as the date on which the judgment was entered. Since it appears that the court adjourned sine die on July 22, 1910, it seems to be (indeed, it must be, to justify the entertainment of the motion here involved), assumed that the date of the judgment entry is self-correcting.

In view of the exacting statutory requirements (Code, § 3019) with respect to presentation of bills of exceptions (*Edinburgh, etc., Co. v. Canterbury,* 169 Ala. 444, 53 South. 823), the establishment of such a precedent may not ultimately prove to be safe or satisfactory. More important consequences than the one here wrought out may, upon occasion, argue against such an assumption, whereby the date of "judgment entered" is taken as different from that specifically fixed in the minute entry of the court. However, for the occasion only, the writer assumes, with the majority, that a bill was seasonably presented to the presiding judge. He altered the bill tendered him, and then signed it within the period provided by the stateute.—Code, § 3019.

The majority now rule, in response to the motion to establish the bill, that the signing of the bill, after its alteration, by the presiding judge, was not a signing in such sort as to deny to appellant the right to establish the bill under the statute (Code, § 3021), which, as here imporant, reads: "If the judge fail or refuse to sign a bill of exceptions, the point of decision and the facts being truly stated, he is guilty of a high misdemeanor in office; and the Supreme Court must receive such evidence of the fact as may be deemed by it satisfactory, and proceed to hear the cause as if the bill had been signed by the judge. * * *"

In *Gunter v. Pollack, supra,* mentioned in the controlling opinion, the writer expresserd the view

that where the judge seasonably signs a bill of exceptions any inquiry into its correctness is wholly foreclosed. This conclusion is rested upon three (to his mind) well-established, main, legal propositions: First, that the ascertainment of what took place on the trial is, in nature, a judicial question, and is committed for determination, with necessary, though presently unimportant, exceptions, to the presiding judge.—Code, § 3018; *Etheridge v. Hall,* 7 Port. (Ala.) 47, 53; *Ex parte Nelson & Kelly,* 62 Ala. 380; *Weir v. Hoss,* 6 Ala. 881; *L. & N. R. R. v. Malone,* 116 Ala. 600, 603, 22 South. 897; 3 Cyc. p. 31, and notes. Second, that the *act* of the presiding judge in seasonably signing a bill of exceptions constitutes the instrument so executed a part of the *record of this court,* and in consequence that it imports absolute verity, "to contradict, add to, or vary" which "parol evidence is inadmissible."—*L. & N. R. R. Co. v. Malone,* 116 Ala. 600, 603, 22 South. 897; *Ex parte Nelson & Kelly,* 62 Ala. 376, 379, 380; *Pearce v. Clements,* 73 Ala. 256; *Chapman v. Holding,* 54 Ala. 61. Other authorities might be added. Third, that the failure or refusal, by the judge, to sign the bill *as presented by the exceptant* is not the condition contemplated by or expressed in the statute (section 3021); on the contrary, that condition is that the judge fail or refuse to sign "a bill of exceptions."

These propositions, among others, were discussed and some of the above-cited authorities were quoted in the opinion of the writer, in *Gunter v. Pollack, supra.* It follows from these propositions that the effort to show, as in this instance, that the bill as signed by the judge was incorrect should have been denied; that the evidence offered was inadmissible for the reasons stated and under the authorities cited to the first and second propositions, ante.

Diligent investigation of our reported cases has not discovered any decision here supporting the ruling made in the majority opinion. Only two decisions are therein cited, viz., *Bradberry v. State,* 168 Ala., 141, 53 South. 266, and *Turner v. White,* 97 Ala. 545, 12 South. 601. Quotations from the opinion in the *Bradberry Case* will suffice to show the vital difference between the question there presented and decided, and that here involved: "A bill of exceptions was presented to the judge, *who refused to sign same,* because it was not correct, and, if it was not correct, he properly *refused* to sign same. It has been agreed that the *one sought to be established is correct, and, as it differs from the one presented to the judge, the one so presented was not correct."* (Italics supplied.) Here the judge signed "a bill of exceptions." There the judge refused to sign, and did not sign, the bill presented, nor any other bill; and there the exceptant "admitted upon the submission of this cause that the two bills are not substantially identical, and that the one sought to be established is the correct one;" ergo, that he had not presented to the judge a correct bill.

The other decision cited (*Turner v. White*) brought to this court's view this status: "The opinion is based on two separate transcripts, one being ejectment by George C. White against Freeman Turner and others, to which case Marcia H. Turner was made defendant on her own motion, and, after judgment for plaintiff, by agreement, a separate cause was docketed for recovery of taxes paid by her subsequent to a purchase by her at tax sale of the lands sued for, and appeals were taken by the defendant in both cases, which appeals were heard together (97 Ala. 546, 12 South. 601). * * * On the 12th of May, 1891, the parties in open court consented, and the court accordingly ordered, that the matter of refunding said taxes be docketed separately from the

ejectment suit, which the clerk, by the order of the court, did, entering the cause as Marcia H. Turner v. G. C. White and C. Alexander; and thereupon the court proceeded, upon an admitted state of facts set out in the record, to render judgment upon the petition of the said Marcia H. against said Geo. C. White and Charles Alexander for $153.05 for state and county taxes paid by her, and also for the costs of the proceedings. Afterwards the defendants prepared and tendered *a single bill of exceptions covering* the proceedings in the ejectment suit, and in the separate proceeding to ascertain the taxes paid by said Marcia H., *but the court refused to sign said bill of exceptions as one, embracing the facts, pleadings, and final judgment,* both in the ejectment suit and the separate judgment on the motion for the reimbursement of said taxes, *and for the refusal to sign the bill, as in one case the defendants excepted. The court, however, did sign separate bills as prepared and presented in each of said proceedings."*—97 Ala. 548, 12 South. 602.

There was no motion to establish a bill. The judge did not sign—he refused to sign—a "single" bill covering both proceedings. This refusal was attempted to be excepted to, and that was the sole question, in reference to the bill, presented to this court. The court ruled, and with obvious soundness, that the exceptants' remedy was by motion to establish the single bill, and not by *exception* to the judge's *refusal* to sign the "single" bill. There were *two separate bills signed by the judge,* and the court considered and decided the cases presented by "two separate transcripts." The court said: "The bill as signed by the judge is the one upon which this court must act until a new one is established in the mode pointed out by the Code.—*Hale v. Goodbar,* 81 Ala. 108, 2 South. 467; *Posey v. Beale,* 69 Ala. 32." That the court

did not rule that a bill could be established when there was already a bill, a part of the record of this court, is plain when the facts quoted from the report are considered. The exceptants thought they were entitled to a "single" bill in both proceedings. The judge thought, and so ordered his acts, that there were two separate proceedings, requiring two separate bills. If the right vel non of the defendants to a "single" bill had been presented by a motion to establish the "single" bill presented to and refused signature by the judge (the only way it could be presented to this court), and, if this court had held that the "single" bill, instead of separate bills, should have been signed by the judge, then clearly the signature by the judge of the separate bills would not have negatived the existence there of the statute's condition, viz., "if the judge fail or refuse to sign a bill of exceptions," because upon that theory the judge had refused to sign a bill covering proceedings in which a "single" bill should have been signed by the judge. Not having attempted to establish the bill the judge *refused* to sign, this court said it would and did act on the *separate* bills to which the judge did affix his signature. There was no "single" bill signed by the judge. Had there been, the question presented would not have existed. If there had been a "single" bill signed by the judge, and motion to establish another "single" bill, and the court had made the remark before quoted, there might be semblance of reason to invoke the statement as authority on the present inquiry.

When we refer to the cases of *Hale v. Goodbar,* and *Posey v. Beale,* cited authoritatively in *Turner v. White,* it affirmatively appears that in both of them the judge had not signed "a bill of exceptions." And as emphasizing, in the writer's opinion, the correctness of the view to which he adheres, Justice Somerville, in *Posey v.*

*Beale,* defines the proper practice as requiring the seasonable tender of a correct bill to the presiding judge for his signature, "requesting him to sign or refuse to sign it as prepared." Obviously the necessity for the "request" stated by Justice Somerville would have been vain, idle, if the judge could only effect a signing, within our statutes, by affixing his signature to the bill "as prepared.' The office of the "request" was, as appears in the next sentence of the opinion, to avert the clothing of the bill (by the judge's *act* of signature) with all the attributes of a *record,* as expressly ruled in *Ex parte Nelson & Kelly,* 62 Ala. 379, 380, among others. So *Turner v. White,* does not, in the writer's opinion, support, in any sense, the ruling of the majority on this motion. No such question as we have here was presented on those appeals. The suggestion that a bill, altered and signed by the judge within the proper period, becomes a *record only* by some act of ratification or acquiescence on the part of the exceptant was treated by the writer in *Gunter v. Pollack.* To so hold is, in his judgment, in direct opposition to all the authorities in this state, some of which are noted under the first and second propositions, ante.

In *Ex parte Nelson v. Kelly,* 62 Ala. 379, 380, Judge Stone wrote: "Bills of exceptions, when signed by the presiding judge within the time prescribed by law, become a part of the record of this court when the case is brought here by appeal." The signing by the judge is the *act* constituting the signed paper "a part of the record of this court when the case is brought here by appeal.' No ratification, consent, or acquiescence on the part of the exceptant is a condition, precedent or subsequent, to the constitution of the bill a part of the record of this court, except that he appeal his cause to this court.

For these reasons (and other might be added, including the consequences to arise under the contrary view), the writer is constrained to dissent from the prevailing conclusion. He thinks the motion to establish should be overruled.