(85 South. 411)

### BUTLER v. HOWELL. (4 Div. 840.)

(Supreme Court of Alabama. Feb. 12, 1920. On Rehearing, June 30, 1920.)

Exceptions, bill of ⊜⇒55(1) — Appellant on refusal to sign bill may move to establish in Supreme Court.

Where presiding judge refused to sign the bill as presented and claimed to be correct by appellant, the proper course is for appellant to move to establish his bill of exceptions in the Supreme Court.

Sayre and Brown, JJ., dissenting.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action between J. P. Butler and W. W. Howell. From judgment rendered, the former appeals. Affirmed.

E. O. Baldwin, of Andalusia, and M. S. Carmichael, of Montgomery, for appellant.

A. Whaley, of Andalusia, for appellee.

BROWN, J. The appellant by making motion in this court to establish his bill of exceptions pursued the proper course. Sovereign Camp W. O. W. v. Ward, 200 Ala. 19, 75 South. 331; Hughes v. Albertville Merc. Co., 173 Ala. 559, 56 South. 120.

The evidence offered in support of the motion has been considered by the court in banc, and the opinion prevails that preponderance of the evidence shows that the bill of exceptions as presented by the movant to the presiding judge was not correct, and the motion is therefore denied.

The bill of exceptions as signed by the presiding judge, and as incorporated in this record, discloses no reversible error, and therefore it is not necessary to decide the question as to whether the appellant has the

right to rely on the bill as signed after having his motion to establish denied, as the cause must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

#### On Rehearing.

PER CURIAM. ANDERSON, C. J., McCLELLAN, SOMERVILLE, GARDNER, and THOMAS, JJ., adhere to the conclusion that the appellant did not meet the burden of proof resting upon him on the motion to establish the bill of exceptions, and that the application should be overruled.

SAYRE and BROWN, JJ., are of the opinion that the evidence submitted on the motion to establish the bill of exceptions shows that the bill as presented to the trial judge gives a correct history of what occurred on the trial, and that the bill should be established.

Application for rehearing overruled.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

SAYRE and BROWN, JJ., dissent.