**SULLIVAN v. HOBBS.  (2 Div. 284.)**

(Court of Appeals of Alabama.  Oct. 30, 1923. Rehearing Denied Nov. 13, 1923.)

**1. Appeal and error ⬅️1078(1)—Assignments not insisted on in brief held waived.**

Assignments of error not insisted on in brief are waived.

**2. Witnesses ⬅️159(4)—Landlord competent to testify as to occupation by deceased tenant.**

In an action against a decedent's estate for unpaid rent, plaintiff was not incompetent under Code 1907, § 4007, to testify to matters of fact coming to his knowledge in any other way than through personal dealing with deceased, and could testify that decedent occupied the premises from the time of the lease until his death.

**3. Landlord and tenant ⬅️231(1)—Subsequent occupancy presumed to be under terms of lease.**

Where a tenant continues to occupy leased premises after the time stipulated, it will be presumed, in the absence of evidence to the contrary, that it was the implied understanding that the lease continued, and subsequent occupation was under its terms.

**4. Use and occupation ⬅️1—Tenant holding over, landlord may sue for use and occupation.**

Where tenant continues to occupy rented premises after time stipulated in the lease, landlord may bring an action for use and occupation.

**5. Executors and administrators ⬅️221(4)—Lease and proof of occupancy proved liability for rent.**

In suit against a decedent's estate for rent, where it was shown that decedent continued to occupy the rented premises after the time stipulated in the lease, when plaintiff introduced the lease and proved continued occupancy, liability was fixed.

**6. Landlord and tenant ⬅️231(1)—In suit for unpaid rent, landlord not called on to prove negative averment.**

While, in a suit for unpaid rent, plaintiff must allege that the amount claimed to be due and unpaid, he is not called on to prove the negative averment, but defendant, if he has paid the amount, must so plead, and the burden is on him to establish it.

**7. Payment ⬅️65(6)—Witnesses ⬅️159(4)—Plaintiff has burden of proving alleged payment or nonpayment if transaction includes cash consideration, and is not competent to testify thereto if other party thereto is dead.**

Where a transaction includes a cash consideration, the burden of proving payment or nonpayment rests on plaintiff who alleges it, and if the other party thereto is dead, payment or nonpayment being a part of the transaction, the living party may not testify, but is left to outside proof.

**8. Payment ⬅️65(6), 66(2)—When burden of proving payment on party obligated, stated; presumption of payment by lapse of time.**

When a transaction provides for payment of definite sums of money at certain definite periods, the burden is on the party so obligated to plead and prove payment, and no presumption of payment will arise until the lapse has extended to a bar by limitation.

**9. Witnesses ⬅️159(4)—Landlord competent witness as to nonpayment of rent by decedent.**

In action against a decedent's estate for rent, where the premises were leased for a year and thereafter deceased held over until his death, plaintiff was competent to testify as to nonpayments of installments of rent and as to the balance due.

Appeal from Circuit Court, Dallas County; Henry B. Foster, Judge.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by S. F. Hobbs against Stanley Sullivan, as executor of the estate of H. B. Sullivan, deceased. From a judgment for plaintiff, defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Sullivan, 210 Ala. 372, 98 South. 309.

C. P. McIntyre, of Montgomery, for appellant.

It was incompetent for plaintiff to testify that rent had not been paid in full. Code 1907, § 4007; Pollak v. Winter, 166 Ala. 255, 51 South. 998, 52 South. 829, 53 South. 339, 139 Am. St. Rep. 33; Id., 173 Ala. 550, 55 South. 828.

S. F. Hobbs and Arthur M. Pitts, both of Selma, for appellee.

The plaintiff could, under the statute, testify as to possession, use, occupation, and nonpayment of rent. Code 1907, § 4007; Miller v. Cannon, 84 Ala. 59, 4 South. 204; Borum v. Bell, 132 Ala. 85, 31 South. 454; Warten v. Black, 195 Ala. 99, 70 South. 758; Gamble v. Whitehead, 94 Ala. 335, 11 South. 293; Blount v. Blount, 158 Ala. 242, 48 South. 581, 21 L. R. A. (N. S.) 755, 17 Ann. Cas. 392.

SAMFORD, J. [1, 2] The plaintiff in the court below (appellee here) brought suit against defendant (appellant here) as executor of the estate of H. B. Sullivan, deceased, claiming for unpaid rent of certain business property in Selma, Ala., demised by plaintiff to defendant's intestate on September 15, 1914, for a period of one year and a holding over under the demise by the tenant until May 31, 1919. There was also a count claiming for use and occupation of the same premises. To these counts the defendant pleaded: First, the general issue; second, payment; and, third, the statutes of limitation of three and six years. On the trial it was shown that the claim, properly verified, had been presented to the administrator within the time allowed by law. The written lease for the property, providing amount and time of payment and signed by the parties, was identified and introduced in evidence. In the lease and by its terms, the rental value was fixed at $300 per annum, payable in monthly installments of $25 each. It was also shown that deceased, testator, occupied the premises from the date of the lease until May 31, 1919, and that the reasonable rental value of the property was $25 per month. The defendant objected to the introduction of the lease, because under its terms, the lease had expired. The defendant further objected and excepted to the rulings of the court permitting plaintiff to testify as to the amount paid to him by defendant's intestate as rent, under the contract, upon the ground that plaintiff was incompetent to testify under section 4007 of the Code of 1907.

This last ruling of the court presents the only exception insisted upon by counsel in brief, thereby waiving all other assignments. And we may here say this is the only question of merit in the record.

It was perfectly competent for the plaintiff to testify to any matter of fact coming to his knowledge in any other way than through personal dealing with the deceased. That being the case, the plaintiff was competent to testify that defendant's intestate occupied the premises from the time of the lease until May 31, 1919, and even to have testified to the reasonable rental, although he did not testify to this last, proof of which was made by a disinterested witness. Warton et al. v. Black, 195 Ala. 93, 70 South. 758.

[3, 4] The tenant in this case having continued to occupy the rented premises after the expiration of the time stipulated in the lease, it will be presumed, in the absence of evidence to the contrary, that it was the implied understanding that the lease should continue as per the contract, and subsequent occupation of the premises was under the terms of the lease. Wolffe v. Wolff, 69 Ala. 549, 44 Am. Rep. 526. Under the case just cited, the landlord may also bring action for use and occupation.

[5, 6] When, therefore, the plaintiff introduced the lease in evidence and proved the continued occupancy of the premises by deceased to May 31, 1919, the transaction had between plaintiff and deceased was established, fixing a liability upon deceased to pay certain sums of money at certain deferred dates. And while in a suit for the unpaid rent, the plaintiff must allege that the amount claimed is due and unpaid, the plaintiff is not called upon to prove the negative averment; but the defendant, if he has paid the amounts, must so plead and, being an affirmative defense, the burden is on him to establish his plea. This direct question is decided in Montgomery v. Leuwer, 94 Minn. 133, 102 N. W. 367, 110 Am. St. Rep. 349, wherein is cited 9 Am. & Eng. En. (2d Ed.) 199 and several other authorities. We have also considered, as bearing on this question, Pollak v. Winter, 166 Ala. 255, 51 South. 998, 52 South. 829, 53 South. 339, 139 Am. St. Rep. 33; Pollak v. Winter, 173 Ala. 559, 55 South. 828, together with the very interesting dissenting opinion of Evans, J., in the same case, 166 Ala. at page 259, 53 South. 339, 139 Am. St. Rep. 33, and many of the authorities cited in these several opinions, from which we conclude that:

[7, 8] Where the transaction includes a cash consideration, the burden of proving the payment or nonpayment, as the case may be, rests on the plaintiff, and if the defendant is dead, the payment or nonpayment being a part of the transaction, the living party may not testify, but is left to outside proof; if the transaction as completed between the parties, and as proven by competent tes-

timony, of necessity provides for the payment of definite sums of money at certain deferred periods, the burden is on the party so obligated to plead and prove payment, and no presumption of payment will arise until the lapse has extended to a bar by the statute of limitation.

[9] It would appear, also, that the plaintiff in this case could testify as to the nonpayments of the installments of rent and, if so, to the balance due. Gamble v. Whitehead, 94 Ala. 335, 11 South. 293. But, whether this is so or not, the burden being on defendant to show payment of the entire rent, and the testimony of plaintiff being in the interest of defendant. there is no room for complaint, even if the ruling of the court is error.

There is no error in the record, and the judgment is affirmed.

Affirmed.

FOSTER, J., not sitting.