(104 So. 350)

## MILLER v. SIMMONS. (6 Div. 624.)

(Court of Appeals of Alabama. May 12, 1925.)

**1. Landlord and tenant ⟺231(1)—Burden on lessee, sued for unpaid rent, to prove payment of amounts claimed.**

In suit for unpaid rent under lease for term of years at stipulated monthly rental, plaintiff must allege that amount is due and unpaid, but need not prove negative averment; burden being on defendant to establish affirmative defense of payment of amounts claimed.

**2. Landlord and tenant ⟺221—Right to recover unpaid rent presupposes due presentation of claim to lessee.**

Right to recover unpaid rent due under lease presupposes due presentation of claim to lessee.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action in assumpsit by J. W. Miller against W. L. Simmons, as administrator of the estate of J. C. Simmons, deceased. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

James J. Jackson, of Birmingham, for appellant.

Counsel argue for error, and cite Haas Bros. v. Craft, 9 Ala. App. 404, 64 So. 163; Tully v. Dunn, 42 Ala. 262; Schuisler v. Ames, 16 Ala. 73, 50 Am. Dec. 168; Alsup v. Banks, 68 Miss. 664, 9 So. 895, 13 L. R. A. 598, 24 Am. St. Rep. 294.

Evans Dunn and John R. Boyle, both of Birmingham, for appellee.

To the contrary counsel cite Reynolds Trial Evidence & Cr. Ex., 181; Chandler v. Wynne,

85 Ala. 301, 4 So. 653; Pollak v. Winter, 166 Ala. 255, 51 So. 998, 52 So. 829, 53 So. 339, 139 Am. St. Rep. 33; Rice v. Schloss, 90 Ala. 416, 7 So. 802; Cook v. Malone, 128 Ala. 662, 29 So. 653; Ennis v. Harris, 103 Ala. 330, 15 So. 834.

SAMFORD, J. [1, 2] Plaintiff and defendant's intestate entered into a written lease whereby defendant's intestate leased from plaintiff certain lands, for a period of 10 years, at a stipulated rental of $35 per month, and there was evidence tending to prove that defendant's intestate went into possession and occupied the premises under the terms of said lease. These facts, when proven, fix a liability upon defendant's intestate to pay certain sums of money at certain deferred dates. In a suit for the unpaid rent under such a contract, the plaintiff must allege that the amount is due and unpaid; the plaintiff is not called upon to prove the negative averment, but the defendant, if the amounts claimed have been paid, must so plead, and, being an affirmative defense, the burden is on him to establish his plea. The right of recovery in this action, of course, presupposes due presentation of the claim.

The questions here involved were decided by this court in Sullivan v. Hobbs, 19 Ala. App. 465, 98 So. 307, and Ex parte Sullivan, 210 Ala. 372, 98 So. 309. In the Sullivan Case, supra, Pollak v. Winter, 166 Ala. 255, 51 So. 998, 52 So. 829, 53 So. 339, 139 Am. St. Rep. 33; Id., 173 Ala. 559, 55 So. 828, and cases of similar import were considered, and after consideration the foregoing rule was announced.

The rulings of the trial court were not in accord with the foregoing opinion, and, for the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.