183 So. 399

## McREE v. RUSSELL.

### 8 Div. 862.

Supreme Court of Alabama.

June 9, 1938.

Rehearing Denied Oct. 6, 1938.

Wert & Hutson, Noble J. Russell, and S. A. Lynne, all of Decatur, for appellant.

Harris & Harris and Eyster & Eyster, all of Decatur, and Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

GARDNER, Justice.

This litigation concerns a contest of the will of Dr. Thomas J. Russell. There were verdict and judgment for proponent, and contestant has appealed.

There was much proof pro and con upon the issues of mental capacity and undue influence, and appellant prepared a bill of exceptions. But this bill of exceptions was admittedly not signed within the time required by law (Section 6433, Code of 1923), and appellee's motion to strike (here duly interposed—section 6434, Code) is due to be sustained. Appellant, therefore, moves to establish the bill of exceptions under the provisions of section 6435, Code of 1923. Under this statute the burden is upon appellant to show the presentation of a correct bill of exceptions,—Bradberry v. State, 168 Ala. 141, 53 So. 266; Hughes v. Albertville Merc. Co., 173 Ala. 559, 56 So. 120; Gunter v. Pollak, 169 Ala. 591, 53 So. 1002,—which has been properly interpreted to mean that the points for decision and the facts must be stated as they occurred on the trial in every substantial particular. Thompson v. Manufacturers' Finance Acceptance Corporation, 25 Ala.App. 70, 150 So. 174, 175. Narrative form as to the testimony is of course proper, and it is not to be set out in extenso. Section 6438, Code, and Circuit Court Rules 32, 33 and 34.

If only certain exceptions as to rulings on evidence were involved, perhaps

508

appellant's bill would have sufficed. But the affirmative charge was requested, and refused, and among the grounds for the motion for a new trial was the one that the verdict was contrary to the preponderance of the evidence. For a review of those questions, the bill of exceptions should contain all the evidence (St. Louis-San Francisco R. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433), and the present bill so recites. But this recital is incorrect, for undisputedly there were numerous exhibits omitted therefrom, such as decedent's books of account showing pertinent facts bearing upon the question of mental capacity, deeds and tax assessment blanks, from which information was secured by decedent and incorporated in the will, envelopes in which the will was placed, notes and other matter, including also some testimony. And in addition, there were testimonial corrections to be made, and in fact agreed upon, but not incorporated in the bill.

As noted in Hughes v. Albertville Merc. Co., supra, the motion to establish the bill of exceptions in Gunter v. Pollak, 169 Ala. 591, 53 So. 1002, was denied for the reason it purported on its face to contain all the evidence, when it did not in fact do so.

The omitted testimony here was material, at least upon the points above noted, and so considered by counsel for both parties when it was understood it would be incorporated in the bill of exceptions.

Appellant insists that because counsel for appellee agreed upon these corrections the bill is due to be established, upon the theory of consent or waiver. But the record as thus made is by the judge. The duty is his, and a failure or refusal to sign when a correct bill is presented is denounced as a high misdemeanor in office. Section 6435, Code.

Upon what matters counsel have, as here, orally agreed, may become a matter of sharp dispute. But whether so or not, any such agreement merely tends to show the bill of exceptions could have been agreeably made correct, but this does not make it a correct bill, and if a correct bill in fact is not presented, the trial judge is guilty of no breach of duty in failing or refusing to sign. His reason therefor will not become the subject of inquiry (Ex parte Hill, 205 Ala. 631, 89 So. 58), and the following authorities will suffice to show that any such agreement as to correctness can be of no avail to appellant. Ettore v. State, 214 Ala. 99, 106 So. 508;

Beatty v. McMillan, 226 Ala. 405, 147 So. 180.

As to whether or not the will was incorporated in the bill of exceptions by proper direction is a matter of sharp dispute in the proof. But as our judgment in the matter is controlled by consideration of undisputed proof, no necessity arises for any determination of the question.

For the reasons herein stated, we conclude appellant has failed to sustain the burden resting upon her, and that her motion to establish the bill of exceptions must be overruled.

The motion to strike is, therefore, to be sustained, and the motion to establish denied.

Motion to strike sustained. Motion to establish the bill of exceptions denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.