198 So. 1

**AMERICAN LIFE INS. CO. v. CARLTON.**
**6 Div. 633.**

Supreme Court of Alabama.

June 29, 1940.

Rehearing Denied Oct. 17, 1940.

Hugh A. Locke and Andrew W. Griffin, both of Birmingham, for appellant.

Chas. W. Greer, of Birmingham, for appellee.

THOMAS, Justice.

This is the second appeal in this cause. When before this court the party plaintiff was indicated to be the personal representative of decedent and not the beneficiary. The amendment on the second trial was accordingly made. American Life Ins. Co. v. Carlton, 236 Ala. 609, 184 So. 171; Benson v. Robinson, 223 Ala. 85, 134 So. 799.

The reasonable rule declared by our court is that where the bill of exceptions recites that it contains all the evidence, and it is shown that it does not contain all of the evidence, the appellate court will not pass on questions or rulings which depend upon the whole evidence, or that required to be illustrated by the omitted exhibits or evidence. But where the rulings complained of as to admission or rejection of evidence are sufficiently shown, the theories on which the case was tried are· set out and enough of the evidence is shown to fairly present the question for review, the appellate courts will pass upon the same. Chandler v. Owens, 235 Ala. 356, 179 So. 256; Hendrix v. Pique, 237 Ala. 49, 185 So. 390; Alabama Terminal R. Co. v. Benns, 189 Ala. 590, 66 So. 589; Bolton v. Cuthbert, 132 Ala. 403, 31 So. 358, 90 Am.St.Rep. 914; McRee v. Russell, 236 Ala. 506, 183 So. 399; St. Louis-San Francisco R. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433; Rickenbaugh v. Asbury, 28 Ala.App. 375, 185 So. 181, certiorari denied 237 Ala. 7, 185 So. 187.

The instant bill of exceptions recites that it contains all the evidence and it undertakes to cover the question of the omitted interrogatories and answers propounded by plaintiff and answered by the witness testifying and subject to cross examination.

The rulings on evidence now urged as error are not required to be referred to the interrogatories and answers in evidence. Hence, we will consider the same in view of another trial.

We shall consider the assignments of error, somewhat, in the order presented

The gravamen of Count W is, and plaintiff avers that, the defendant breached said contract to insure the life of her said son, and to issue him the policy it had agreed to issue him, in that defendant refused to issue and deliver to her said son the policy of life insurance which it had contracted to deliver for a valuable consideration, and has never issued or delivered said policy; all to the damage of the plaintiff in the sum aforesaid. It has been decided that a count based on an alleged contract of insurance which fails to allege whether the contract was oral or written and on what consideration the agreement was entered into was subject to appropriate demurrer. Liverpool & London &

Globe Ins. Co. v. McCree, 210 Ala. 559, 98 So. 880; Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175 (life insurance policy); Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 So. 97 (burglary insurance based on written contract or policy of insurance); Globe & Rutgers Fire Ins. Co. v. Eureka Sawmill Co., 227 Ala. 667, 151 So. 827 (an oral agreement for extension of coverage of fire insurance); Federal Land Bank v. Mulkey, 228 Ala. 500, 153 So. 775 (wherein the declaration is contained that if the contract *is not in writing importing a consideration,* the pleading must affirmatively allege a consideration supporting the contract).

It follows that ground of demurrer A–8 was well assigned. The count makes the application for insurance a part thereof, and shows that this was not a suit upon a policy. It does not state the valuable consideration and the nature thereof. It does not aver facts showing a valuable consideration in the payment of the due premiums in moneys to defendant by which the alleged agreement was duly supported under the rules of law that obtain. This is the effect of the holding in Globe & Rutgers Fire Ins. Co. v. Eureka Sawmill Company, supra.

We here advert to a ruling on evidence infected with error. The plaintiff was allowed to combat the tendency of evidence offered by the defendant and its examining physicians by the introduction of Dr. Charles Watterston, who stated his experience with the diagnosis and treatment of syphilis in all of its stages and to state that he employed the Kahn Precipitation Test and the Wassermann Complement Deviation Test and the Dark Field Test to tell whether a person had syphilis. He was called upon to express his opinion on the hypothetical question propounded and governing the facts in this case and answered that assured was free from syphilis "at the end of his treatment." He was then asked if he was the medical examiner for the National Life Insurance Company of Vermont and was permitted, over objection of the defendant, to state the fact that his company "accepted only preferred risks and not substandard insurance." Thereupon, the witness was asked the following question: "Q. I will ask you whether or not, Doctor, the Company about which you have testified accepts as insurable a person, and insurable as a perfect risk a person who has had primary syphilis, and who has been treated and cured, if the ap-

plication is made after a year from the date of the cure?" The defendant objected to this question, the court overruled the objection, to which ruling of the court the defendant duly excepted. The witness then answered: "My instructions are to recommend for insurance." In this ruling of the trial court, reversible error intervened.

Further, the witness testified, without objection, in substance, as follows: "My instructions are to recommend them for insurance after one year, and I recommend them as preferred risks. Syphilis is a curable disease and is so recognized. Especially is that true if it is caught in the primary stage. Ulcer is a primary stage. From the record that I have read here, I would say that this man had primary syphilis."

The method of conduct of the business of insurance and its acceptance of insurance risks by another life insurance company, where the assured had been infected with primary syphilis, was a matter beyond the inquiry of the instant suit, and introduced into the trial prejudicial error.

As a result of the above errors, the case should be retried.

Reversed and remanded.

BOULDIN, FOSTER, KNIGHT, and LIVINGSTON, JJ., concur.

GARDNER, C. J., and BROWN, J., not sitting.