13 So.2d 439

### FAUST v. BAKER.

4 Div. 774.

Court of Appeals of Alabama.
May 11, 1943.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

M. Sollie, of Ozark, for appellee.

BRICKEN, Presiding Judge.

In order to establish a bill of exceptions under the present statute, Title 7, Sections 824, 825, Code 1940, it must appear, under the exacting requirements of said sections, that a correct bill of exceptions was tendered the trial judge and he failed or refused to sign same.

In the case of R. L. Faust v. S. Baker, tried in the circuit court of Dale County, Alabama (action of detinue), a bill of exceptions was presented to the trial judge, who refused to sign same, and made and entered the following order, viz.: "On consideration of the bill of exceptions in this case it is now ordered and adjudged that the same be, and it is hereby denied and refused, for the reason that the pleadings and the proof are not completely and fully stated." Said order was duly signed by the Honorable J. S. Williams, Judge, Circuit Court, Dale County, at Law, who tried the case.

The statute, supra, provides that the trial judge is guilty of a high misdemeanor if he fails or refuses to sign a bill of exceptions, the points of decision and the facts being truly stated, so that the bill of exceptions presented to him must be shown to have been true and correct.

If the bill of exceptions presented, and here sought to be established, purports to contain all the evidence and in fact does not do so, it was not correct and will not be established. Hughes v. Albertville Mercantile Co., 173 Ala. 559, 56 So. 120.

If the bill of exceptions sought to be established differs substantially from the one presented to the trial court, motion to establish will be overruled. Bradberry v. State, 168 Ala. 141, 53 So. 266.

In cases such as this the motion to establish a bill of exceptions after the presiding judge has read and passed upon it, indorsed it not signed because incorrect, and filed it with the Clerk, the burden of proof is upon a movant who seeks to establish it and the measure of proof necessary

154

to discharge the burden is that the evidence be convincing, strong and cogent to every reasonable intent and purpose, to the effect that the bill of exceptions as pre-. sented to the Judge is in all material respects true and correct; and if it contains any matter of substantive effectiveness which it should not contain or omits any matter of. substantive effectiveness which it should not omit, it cannot be established. Browning v. Lockett, 23 Ala.App. 548, 129 So. 295, and authorities cited in opinion; Thompson v. Manufacturers' Finance Acceptance Corp., 25 Ala.App. 70, 150 So. 174.

 Before a bill of exceptions which has been prepared by appellant, presented to the Trial Judge and by him indorsed and signed upon its back to the effect that he has refused to sign it because incorrect, as is the case here, can be established, the bill of exceptions presented to the Trial Judge must state points of decision and facts as they occurred in every substantial particular. Thompson v. Manufacturers' Finance Acceptance Corp., 25 Ala.App. 70, 150 So. 174, supra; Bradberry v. State, 168 Ala. 141, 53 So. 266, 1 H.N.; Haden v. Brown, 22 Ala. 572, 1 & 2 H.N's.; Stein v. McArdle & Waters, 25 Ala. 561 (Indirect); Hale v. Goodbar, White & Co., 81 Ala. 108, 2 So. 467; Washburn v. Johnson Bros. Co., 16 Ala.App. 662, 81 So. 136, only 1 H.N.

Application to establish a bill ·of exceptions, under conditions here obtaining, is penal in its nature, and strict compliance with its requirements is necessary. Eason v. State, 22 Ala.App. 424, 116 So. 409, 3 H.N.; Browning v. Lockett, supra; Thompson v. Manufacturers' Finance Corp. 2 H.N., supra; McRee v. Russell, 236 Ala. 506, 183 So. 399, 2 H.N.; Bradberry v. State, 168 Ala. 141, 53 So. 266, 1 H.N.

In order to put the Judge in default for a failure or refusal to sign, so as to enable the aggrieved party to establish one, it must appear that a correct bill was tendered. Hughes v. Albertville Mercantile Co., 173 Ala. 559, at page 560, 56 So. 120, at page 121, 1 H.N.

Bearing in mind that to entitle the plaintiff to establish his bill of exceptions here the writer must believe that the Trial Judge who refused to sign the bill of exceptions as presented was guilty of a high misdemeanor in office, this court will not establish the bill of exceptions if it does not truly state the point of decision and facts in every particular. Finney v. Sullivan, 22 Ala.App. 130, top 1st column page 131, 113 So. 472, only 1 H.N.

The motion to establish the bill of exceptions, and the evidence offered in support thereof, together with the certificate of the trial judge, has been given careful and attentive consideration. And bearing in mind, as above stated, to grant the motion, under the section of the Code,. supra, it must be believed that the trial judge, in refusing to approve and sign the bill of exceptions, was guilty of a high misdemeanor in office. This, in the opinion of the writer, cannot be done. As, the matter here appears it affirmatively shows that the movant failed to meet the burden above announced, therefore, perforce, it must be held that the aforesaid motion should be denied. It is so ordered.

Motion denied.