# Jones *v.* Jones.

## Contest of Probate of Will.

### (Decided June 30, 1909.  50 South. 310.)

*Conflict of Laws; Bill of Exceptions; Time of Signing.*—The Code of 1896, governs as to the time and manner of signing bills of exceptions in appeals taken before the Code of 1907 became operative, as section 10 of the latter Code provides that it shall not affect any existing right or remedy, and hence, a bill of exceptions signed under provisions of the Code of 1907, in an appeal taken before that Code became operative, will be stricken, if not signed within the provisions of the Code of 1896.

APPEAL from Limestone Probate Court.

Heard before Hon. GEORGE MALONE.

D. Clay Jones filed for probate the will of E. A. Jones. Webster L. Jones filed a contest, and from a judgment admitting the will to probate, he appeals. Affirmed.

M. K. CLEMENTS, for appellant. Counsel discuss the merits of the case and cites authorities in support of his contention, he also discusses the motion to strike the bill of exceptions and states the facts surrounding its filing and signing, but cites no authority.

. W. R. WALKER, and H. C. THACH, for appellee. Counsel discuss the motion to strike the bill of exceptions, but without citation of authority.

MAYFIELD, J.—It is to be regretted that the bill of exceptions in this case has to be stricken upon the motion of appellee. The judgment or decree appealed from was entered April 24, 1908, by the probate court. This was six days before the new Code became operative. The appellant, being doubtful as to whether the old Code or the new controlled as to the bill of exceptions, attempted to comply with the provisions of both. The probate judge evidently thought the new Code controlled, and acted under its provisions, and consequently the bill was presented and signed within the time prescribed by the new Code (Code 1907, § 10) ; but the time was not extended, within which it might be signed under the old Code, and hence it was not signed in the manner and within the time prescribed by the Code of 1896, or by Gen. Acts 1903, p. 74. This appears to be conceded by the parties to the appeal.

: The question is therefore presented to us which of the two Codes applied or controlled as to the signing of the bill of exceptions. It is clear that the old Code applied to all cases of appeal in which the judgment or decree was rendered before the new Code became operative. This is made clear by section 10 of the Code, which has always been the repealing and retaining section of all previous Codes, and is made such as to the present Code, being now substantially as it has always been. This section has always contained the following provisions: "This Code shall not affect any existing right, remedy, or defense, nor shall it affect any prosecution now commenced, or which shall hereafter be commenced, for any offense already committed. As to

all such cases the laws in force at the adoption of this Code shall continue in force." The question under consideration clearly falls within this Code provision, and as to it the old Code provisions continue in force. It is true there are qualifications or limitations in section 10, but this case does not fall within any of these.

It therefore follows that the bill of exceptions must be stricken. The bill being stricken, and the record proper being looked to alone, we find no error that can be raised on this appeal. The judgment or decree appealed from must therefore be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and ANDERSON, JJ., concur.