(75 South. 331)

## SOVEREIGN CAMP OF WOODMEN OF THE WORLD v. WARD.
### (3 Div. 279.)

(Supreme Court of Alabama. June 1, 1917.)

EXCEPTIONS, BILL OF ☞55(1) — ESTABLISHMENT—STATUTE.

Acts 1915, p. 816, amending Code 1907, § 3022, providing for establishing bills of exceptions, where the trial judge dies, resigns, is sick, etc., is not an exclusive remedy, but Code 1907, § 3021, still governs where the trial judge retains office and could, but refuses to, approve a bill properly presented.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 90.]

Action by Nettie B. Ward against the Sovereign Camp of the Woodmen of the World. Judgment for plaintiff, and defendant appeals. Alleging that the bill of exceptions in this case was prepared and presented to the judge of the Second judicial circuit within the time required by law, and that said judge has held said bill of exceptions without affixing his signature thereto, appellant moves the court to establish bill of exceptions under Acts 1915, p. 816, amending section 3022 of the Code of 1907. Motion granted.

See, also, 71 South. 404, 196 Ala. 327.

C. H. Roquemore, of Montgomery, for appellant. Powell & Hamilton, of Greenville, for appellee.

ANDERSON, C. J. The court is of the opinion that the Act of 1915, p. 816, amends only section 3022 of the Code, and not section 3021, and that the method for establishing a bill of exceptions under said act is not exclusive. In other words, the purpose of the act was to authorize the approval of a bill of exceptions by a justice of this court only in cases where the judge who tried the case could not legally do so because of death, resignation, removal from office, or who, from sickness or absence from the state and county, is unable to accept a presentation of same, and does not apply to cases where the trial judge is still in official existence and could legally approve the same, but fails or refuses to do so after the same has been properly presented. The bill of exceptions was presented to the judge of the Second circuit who tried the case, who is still in office, and was therefore in a position to legally approve same; and, as he failed or refused to do so, the appellant's remedy for establishing same is under section 3021 of the Code, and not the Act of 1915. The writer and Justice McCLELLAN entertain the view that, while the act specifically mentions section 3022, and makes no allusion to section 3021, by its terms it is broad enough to include all failures and refusals to sign bills of exceptions, and that the method of establishing same under said act is exclusive; but, as the majority think otherwise, a dissent can serve no good purpose. All the Justices concur.