(89 South. 842)

**FRIES v. ACME WHITE LEAD & COLOR WORKS.   (6 Div. 721.)**

(Court of Appeals of Alabama.   Jan. 11, 1921. Rehearing Denied April 5, 1921.)

1. **Exceptions, bill of** ⬅55(1)—**Method of establishing bill, on trial judge's refusal to sign, stated.**

Where trial judge refuses to sign bill of exceptions on the ground that the bill presented is incorrect, the appellant's remedy is to establish the bill of exceptions by application to the Supreme Court under Code 1907, § 3021, and not by the method provided for the establishment of bills of exceptions where the trial judge dies, resigns, is sick, etc., by Acts 1915, p. 816.

2. **Exceptions, bill of** ⬅55(4)—**Bill not established in Supreme Court where it did not truly state point of decision and facts.**

Appellant's motion to establish bill of exceptions, following judge's refusal to sign bill presented because incorrect, will not be granted by the Supreme Court under Code 1907, § 3021, where it affirmatively appears from the indorsements of the trial judge in which he was joined by counsel for appellant and for appellee, and from the corrections and interlineations in the bill, that the bill of exceptions presented to the trial judge for his signature did not truly state the point of decision and the facts as required by such statute to entitle appellant to invoke the remedy thereunder.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by the Acme White Lead & Color Works against R. H. Fries for an account. Judgment for plaintiff, and defendant appeals. On motion to establish the bill of exceptions. Motion overruled.

G. R. Harsh, of Birmingham, for appellant.

Brief of counsel did not reach the Reporter.

Ritter & Wynn, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

PER CURIAM. Suit was brought by appellee against appellant resulting in a judgment for plaintiff, the cause having been tried and determined in the circuit court of Jefferson county on the 11th day of Decem-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ber, 1919. Within the time required by law an appeal was taken to this court, and a bill of exceptions was presented to the trial judge, the Honorable Horace C. Wilkinson of said court, on March 6, 1920, which was within 90 days from the date of the judgment. The trial judge failed and refused to sign the bill of exceptions on the grounds that the points of decision and the facts were not truly stated therein, and on June 3, 1920, he made the following indorsement thereon:

"June 3d. This bill of exceptions was returned to me two days ago with a request that it be signed as presented. It does not contain all the evidence, and does not contain some important rulings of the court. It also contains rulings that were afterwards rescinded before final judgment was entered. No transcript of the proceedings has been furnished me although the case was stenographically reported. I therefore decline to sign it as containing all or substantially all of the evidence and the rulings of the court on the trial, and for the want of a stenographic transcript am unable to make the corrections in the limited time at my disposal.

"This 3d day of June, 1920.
                    "Horace C. Wilkinson."

The bill of exceptions not having been signed by the trial judge within 90 days from date of presentation to him, appellant filed a motion to establish same in the Supreme Court on July 12, 1920, and on the 23d day of November, 1920, the motion was transferred to this court as here belonging, and submission of the motion in this court was had on that day.

[1] Under the rule laid down in Sovereign Camp, W. O. W. v. Ward, 200 Ala. 19, 75 South. 33, this bill of exceptions, if established at all, must be established under the provision of section 3021 of the Code 1907; the Acts 1915, p. 816, not applying.

Section 3021, supra, provides:

"If the judge fail or refuse to sign a bill of exceptions, *the point of decision and the facts being truly stated* [italics ours], he is guilty of a high misdemeanor in office; and the Supreme Court must receive such evidence of the fact as may be deemed by it satisfactory, and pro-

18 ALA. APP.—6

ceed to hear the cause as if the bill had been signed by the judge, but application must be filed in the Supreme Court to establish such bill of exceptions within sixty days from the refusal or failure of such judge to sign said bill."

[2] The sole and only inquiry therefore is: Has the appellant brought herself within the terms of this statute by having within the time prescribed by law presented to the trial judge a true and correct bill of exceptions, with the point of decision and the facts truly stated? The indorsement of the trial judge above set out says not.

This indorsement is corroborated and its contents confirmed by the further indorsement of the trial judge, in which he is joined by counsel for appellant and for appellee. This joint indorsement bears date June 22, 1920, and the effect of said indorsement is to show affirmatively that not until that date, which was several months after the time had expired in which to present the bill of exceptions, was a correct bill of exceptions presented.

In addition to those indorsements above referred to, we find upon examination of the bill of exceptions itself that it is replete with corrections and interlineations, and that these corrections materially changing the facts of the case and the points of decision appear on pages 11, 12, 16, 19, 23, 24, and 34, of the so-called bill of exceptions.

It thus affirmatively appearing from the bill of exceptions itself, and from the indorsements thereon, that there was a noncompliance of the statute in not presenting to the trial judge within the time required by law a true and correct bill of exceptions in this cause, and the point of decision and facts therein not being truly stated as required, the trial judge was correct in failing and refusing to sign such bill, and it necessarily follows that this motion must fail. The motion to establish the bill of exceptions is therefore overruled. Sov. Camp, W. O. W., v. Ward, supra; Decatur Cornice & Roofing Co. v. Dowling et al., 17 Ala. App. 209, 84 South. 412.

Motion overruled.