### HOLMES v. STATE. (8 Div. 344.)

(Supreme Court of Alabama. June 1, 1922. Rehearing Denied June 30, 1922.)

Criminal law ⚖=>1092(11)—Motion to establish bill of exceptions, not filed within 60 days after refusal of trial judge to sign, overruled.

Code 1907, § 3021, providing that when the trial judge refuses to sign a bill of exceptions, application to establish same must be filed in the Supreme Court within 60 days from the refusal, was not repealed by Acts 1915, p. 816, nd where the court refused to sign on July 30, 1921, and application to establish was not made till December 16, 1921, a motion to establish must be overruled.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Will Holmes was convicted of murder in the first degree, for the killing of Doñ Stephenson, and sentenced to life imprisonment. He appeals. Affirmed.

Simpson & Simpson, of Florence, for appellant.

The failure of the trial judge to approve the bill of exceptions is no fault of defendant. 96 Ark. 316, 131 S. W. 694; 20 Idaho, 92, 116 Pac. 1130; 250 Ill. 242, 95 N. E. 150; 148 Ill. App. 182; 153 Ill. App. 613; 177 Ill. 378, 52 South. 299; 88 N. E. 80. When an individual, in the prosecution of a right, does everything the law requires him to do by the misconduct or neglect of a public officer, the law will protect him. 85 Ohio St. 62, 96 N. E. 1019, Ann. Cas. 1913A, 914; 49 N. W. 925.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach Reporter.

PER CURIAM. The trial court refused to sign the bill of exceptions, and so indorsed on July 30, 1921. The application to establish same was not made to this court until December 16, 1921, more than 60 days after the refusal of the trial judge to approve and sign the same. This is a case which falls under the influence of section 3021 of the Code of 1907, and which said section was not amended or repealed by the Act of 1915, page 816. Sovereign Camp v. Ward, 200 Ala. 19, 75 South. 331. Said section 3021 provides that, when the judge fails or refuses to sign a bill of exceptions, the application to establish the same must be filed in the Supreme Court within 60 days from the refusal or failure of such judge to sign said bill. The application here was not so filed and the motion to establish the bill of exceptions must be overruled, which is accordingly done.

As there is no bill of exceptions in this case and no reversible error appearing upon the record proper, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.

---

⚖=>For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes