(98 South. 812)

**MEADE v. MEADE.** (6 Div. 963.)

(Supreme Court of Alabama. Jan. 17, 1924.)

1. **Exceptions, bill of** ⬤⟝2—Statute relating to establishment of, held not affected by amendment to related statute.

Gen. Acts 1915, p. 816, amending Code 1907, § 3022, relating to the establishment of bill of exceptions upon death of presiding judge, does not operate to change section 3021, relating to the same subject.

2. **Exceptions, bill of** ⬤⟝32(3)—Presentation may be made by filing with clerk after death of judge.

Under Code 1907, § 3022, as amended by Gen. Acts 1915, p. 816, due presentation for settlement of a bill of exceptions after death of the judge who presided at the trial may be made by filing same with the clerk for presentment to the chief justice or associate justice of the Supreme Court.

3. **Appeal and error** ⬤⟝637—Seasonable presentation of bill of exceptions jurisdictional; court of its own motion will take notice thereof.

Failure to present a bill of exceptions for settlement within 90 days after the rendition of the judgment appealed from is jurisdictional and such that the court will of its own motion take notice thereof and decline to consider when not properly filed.

4. **Exceptions, bill of** ⬤⟝36(3)—Must be presented within 90 days when ruling on motion not appealed from.

A bill of exceptions must be presented for settlement within 90 days after the rendition of the judgment on the verdict appealed from, where there is no appeal from the ruling on the motion for a new trial.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by Frances Meade against Mary E. Meade. From a judgment for defendant plaintiff appeals. Affirmed.

John W. Altman and J. K. Taylor, both of Birmingham, for appellant.

In view of the decision, it is not necessary that brief of counsel upon the merits of the cause be here set out.

Weatherly, Birch & Hickman, of Birmingham, for appellee.

The bill of exceptions, not having been presented within 90 days from the date of the judgment appealed from, cannot be considered. Gen. Ordnance Co. v. Bowen, 209 Ala. 574, 96 South. 753.

THOMAS, J. The suit by the wife (appellant) against the mother-in-law was for damages for alleged alienation of the affections of appellant's husband. This class of suit is not new in this jurisdiction. Parker v. Newman, 200 Ala. 103, 75 South. 479; Coker v. Coker, 209 Ala. 295, 96 South. 201; Woodson v. Bailey, post, p. 568, 98 South. 809.

The complaint contained two counts. Demurrers having been overruled, a plea of the general issue in short by consent was interposed. No question for review is presented by the record proper.

The judgment for defendant on the verdict of the jury was duly entered on January 24, 1923 (Lewis v. Martin [Ala. Sup.] 98 South. 635[1]), motion for new trial made and passed until February 24, 1925, and continued or passed from time to time to its final hearing on May 5, 1923, when it was overruled.

The judge presiding at the trial having died without the bill of exceptions being presented to him, the same was filed in the office of the circuit clerk in lieu of presentation to the trial judge on July 14, and on July 16 was presented to "Hon. John C. Anderson, Chief Justice," and was signed by him "as and for a legal bill of exceptions in said cause" on July 16, and returned and refiled in said clerk's office July 17, 1923, as the established bill of exceptions in said cause.

The appeal taken on the 11th day of May, 1923, was "an appeal returnable to the Supreme Court of Alabama, to supersede and reverse judgment for costs, recovered by the said Mrs. Mary E. Meade against the said Mrs. Francis [Frances] Meade on the 24th day of January, 1923, of the circuit court for costs." It will be noted that it was not an appeal from the judgment on the motion for new trial made and entered of date May 5, 1923.

[1] Statutes providing for the establishment of a bill of exceptions under the circumstances indicated are sections 3021 and 3022 of the Code of 1907. The Acts of 1915, p. 816, amended section 3022 of the Code and not section 3021 of the Code. Sov. Camp, W. O. W., v. Ward, 200 Ala. 19, 75 South. 331; National Pyrites & Copper Co. v. Williams, 206 Ala. 4, 89 South. 291; Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 South. 45; Holmes v. State, 207 Ala. 691, 93 South. 546.

[2] Due presentation, within the terms of the statute, may be made by filing with the clerk, under the facts authorizing such a presentment as in the instant case. Munson S. S. Line v. Harrison, 200 Ala. 504, 76 South. 446.

[3, 4] There being no appeal from the ruling on the motion for a new trial, as appellant might have done (Liverpool, etc., Ins. Co. v. Lowe, 208 Ala. 12, 93 South. 765), we must consider if due presentation of the bill of exceptions was made within 90 days from rendition of judgment on the verdict of the jury. Such not being the fact, it is jurisdictional (and the court ex mero motu takes notice thereof) and falls within the rule applied in General Ordnance Co. v. Bowen, 209 Ala. 574, 96 South. 753. The only matters for consideration are those presented by the bill of exceptions, and it results that the judgment must be affirmed. Garner v. Thach, 208 Ala. 11, 93 South. 416.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.