RAY et al. v. CITY OF BIRMINGHAM.
(6 Div. 371.)

(Supreme Court of Alabama.  March 19, 1925.)

1. Evidence ⬅41—Court will take judicial knowledge of terms of trial court and vacations thereof.

Court will take judicial knowledge of terms of trial court and vacations thereof.

2. Exceptions, bill of ⬅32(3)—Bill of exceptions could not be allowed by special judge after his term expired.

Bill of exceptions could not be allowed by special judge after his term as special judge had expired, or after term of court during which trial was had, but should have been established before justice of Supreme Court or judge of Court of Appeals, as provided by Code 1907, § 3021 and section 3022, as amended by Acts 1915, p. 816; Code 1923, § 6436.

Appeal from Circuit Court, Jefferson County; Edgar Bowron, Special Judge.

Action by the City of Birmingham, for the use and benefit of the City Board of Educa-

tion of Birmingham, against F. B. Ray and another. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, § 6, p. 449. Affirmed.

J. S. Kennedy, of Birmingham, for appellants.

The power to settle and authenticate bills of exceptions is conferred on the judge who presided at the trial. 23 Cyc. Law & Proc. 615; Coker v. Hughes, 205 Ala. 344, 87 So. 321. The parties are bound by their agreement upon the special judge. Holly v. Carson, 39 Ala. 345; Donnell v. Hamilton, 77 Ala. 612; Masterson v. Matthews, 60 Ala. 260; Turrentine v. Grigsby, 118 Ala. 385, 23 So. 666: Bell v. State, 115 Ala. 25, 22 So. 526; L. & N. v. Malone, 116 Ala. 600, 22 So. 897.

W. J. Wynn and W. M. Woodall, both of Birmingham, for appellee.

There is no authority in a special judge to settle and sign a bill of exceptions after his term has expired. C. of Ga. v. Robins, 209 Ala. 6, 95 So. 367; Thacker v. Selma, 16 Ala. App. 345, 77 So. 939.

THOMAS, J. There was judgment for plaintiff against defendants on April 10, 1924, the Honorable Edgar Bowron as a special judge presiding instead of the regular judge who was ill. The motion for a new trial was overruled by said special judge on June 24th. The respective indorsements as to this are:

"May 2, 1924, Presented. Edgar Bowron, Special Judge." "5/3/24. Presented and continued to May 10, 1924. C. B. Smith, Judge." "5/10/24. Submitted and taken under advisement. Edgar Bowron, Special Judge." "6/24/24. Motion overruled. Edgar Bowron, Special Judge."

[1] The purported bill of exceptions was indorsed, presented to the special judge by the defendant on the 8th day of July, 1924, and established by such person as the "special judge, who presided as judge at the trial of said cause," on "the 6th day of October, 1924." The court takes judicial knowledge of the terms of said court and the vacations thereof. Lewis v. Martin, 210 Ala. 401, 98 So. 635.

[2] Where an attorney is selected and agreed upon by the parties in a case to try the same because of the sickness of the regular judge, said special judge has no authority or jurisdiction for being presented with a bill of exceptions or for settling and signing the same, where said presentation, settling, and signing is at a time after his term of office as special judge has ended, or after the term of the court has expired during which the trial was had. The only recourse in the premises is to establish the bill of exceptions before a justice of the Supreme Court or a

judge of the Court of Appeals of Alabama, as provided by section 3021 and section 3022 of the Code of 1907, as amended by General Acts 1915, p. 816. Central of Ga. R. Co. v. Robins, 209 Ala. 6, 95 So. 367; Munson S. S. L. v. Harrison, 200 Ala. 504, 76 So. 446; Naro v. State (Ala. Sup.) 101 So. 666.[1] There is analogy to be found in Luther v. Luther, 211 Ala. 352, 100 So. 497; Meade v. Meade, 210 Ala. 547, 98 So. 812, and McGhee & Fink, Receivers, v. Reynolds, 117 Ala. 413, 23 So. 68. The regular judge had no hiatus in the term of his office after the trial of this case and before the end of the term. The right to establish the bill of exceptions must be in compliance with the statutes having application. Code 1923, § 6436; Brock v. State, 123 Ala. 24, 26 So. 329; Coppin v. State, 123 Ala. 58, 26 So. 333.

The bill of exceptions is stricken on appellee's motion.

The several assignments of error being predicated on a bill of exceptions, and on no matter presented by the record proper, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.