(116 So. 409)

## EASON v. STATE. (5 Div. 674.)

Court of Appeals of Alabama. March 13, 1928.

Rehearing Denied April 10, 1928.

T. E. Martin, E. T. Graham, and John B. Scott, all of Montgomery, and W. M. Russell, of Tuskegee, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

PER CURIAM. Motion is made to establish a bill of exceptions in this case under Code 1923, § 6435, and to sustain this motion there is introduced in evidence the bill of exceptions as presented to the presiding judge containing changes and interlineations made by him, after which he signed same as a correct bill of exceptions. To sustain the contention that the trial judge refused to sign the correct bill of exceptions as presented, there is introduced in evidence the stenographer's report of the proceeding at the trial as taken and transcribed by the official court reporter.

In Sov. Camp, W. O. W., v. Ward, 200 Ala. 19, 75 So. 331, the distinction between Code 1923, §§ 6435, 6436, is pointed out and defined, and in dealing with the present case we call special attention to that case and that here we are dealing with appellant's rights, under section 6435.

Under section 6435, to entitle appellant to relief, he must have, within the time allowed by law, presented to the judge presiding at the trial a bill of exceptions stat-

ing the points of decision and the facts, which must be *truly* stated. That means, of course, that the points and facts must be stated as they occurred on the trial, in every substantial particular. Fries v. Acme W. L. & C. Works, 18 Ala. App. 80, 89 So. 842; Finney v. Sullivan, ante, p. 130, 113 So. 472.

In this case, in addition to many minor corrections and interlineations as indicated by the trial judge, which we do not consider, there appears in the testimony of state's witness Plant a full page of testimony regarding a receipt for some pipe coupling and a pump, and objections and exceptions to parts of such testimony by the defendant. Conceding that the points and facts as to this were correctly stated as far as it went, on motion of defendant and by request of the solicitor and ruling of the court, all reference to pipes and the receipt was ruled out, and this part of the record of the trial, important in passing upon the point presented, is omitted from the bill of exceptions presented to the trial judge.

Again, on the redirect examination of the witness Plant, the appellant shows in his bill an exception "duly reserved" on specific grounds, and this is not borne out by the stenographer's report.

As to the colloquy taking place between the defendant's counsel and the court relative to certain portions of the court's oral charge, the movant here is correct in his contentions. Counsel may reserve their exceptions in any manner they see fit, so long as it is done courteously and within the rules. Trial judges may not say what exceptions may and may not be taken to the oral charge, or whether they are correctly or legally taken. Those are questions reserved for the appellate court. It may be readily seen how any other rule could be open to much abuse to the prejudice of defendants on trial.

Section 6435 of the Code of 1923, under which this motion is made, being penal in its nature, requiring a strict compliance with its requirements, we must hold that the motion must be overruled.

Motion overruled.

The motion to establish the bill of exceptions having been denied, there appears no error in the record, and the judgment of conviction is affirmed.

Affirmed.