(128 So. 449)

## JAFFE v. LEATHERMAN.
### 6 Div. 474.

Supreme Court of Alabama.

May 5, 1930.

James H. Bradford and Richard H. Fries, both of Birmingham, for appellant.

William S. Pritchard, J. D. Higgins, and J. W. Aird, all of Birmingham, for appellee.

PER CURIAM.

The bill of exceptions in this case was presented to the trial judge on the 30th day of September, 1929, and he failed to sign the same within sixty days thereafter. This fact appears from the indorsement of the fact on

the bill of exceptions, and is recited in the order of Justice Foster of this court approving the bill.

In Sovereign Camp, Woodmen of World v. Ward, 200 Ala. 19, 75 So. 331, it was ruled that the purpose of section 3022 of the Code of 1907, as amended by the Act of 1915, p. 816, "was to authorize the approval of a bill of exceptions by a justice of this court only in cases where the judge who tried the case could not legally do so because of death, resignation, removal from office, or who, from sickness or absence from the state and county, *is unable to accept a presentation* of same, and does not apply to cases where the trial Judge is still in official existence and could legally approve the same, but fails or refuses to do so *after the same has been properly presented."* In such case "the appellant's remedy for establishing same is under section 3021 of the Code, and not the Act of 1915." (Italics supplied.)

Section 3021 and section 3022 of the Code of 1907, as amended by the Act of 1915, p. 816, were brought forward into the Code of 1923 as sections 6435, 6436, without change, except the time for signing after presentation was fixed at sixty days where before it was ninety days—giving legislative approval to the construction of the statute in Sovereign Camp, W. O. W. v. Ward, supra; Spooney v. State, 217 Ala. 219, 115 So. 308.

In Munson Steamship Line v. Harrison, 200 Ala. 504, 76 So. 446, the bill was not presented to the trial judge, but was merely filed with the clerk.

In the circumstances presented in this case Mr. Justice Foster was without jurisdiction to settle and sign the bill, and the motion to strike the same must be granted.

Motion granted.

ANDERSON, C. J., and SAYRE, THOMAS, and BROWN, JJ., concur.