(129 So. 299)

### William WARREN v. STATE.
### 8 Div. 996.

Court of Appeals of Alabama.
June 17, 1930.

Jas. C. Roberts, of Florence, for appellant.
Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

The record submitted here, on this appeal, is similar in all essential respects to that submitted in the case of Bessie Hill v. State, ante, p. 547, 129 So. 299, and, for the reasons set out there, this judgment must be, and is, reversed, and the cause is remanded.

Reversed and remanded.

(129 So. 295)

### BROWNING v. LOCKETT.
### 5 Div. 812.

Court of Appeals of Alabama.
June 17, 1930.

C. S. Melton and Jas. W. Strother, both of Dadeville, for appellant.

Albert Hooton, of Dadeville, and J. Sanford Mullins, of Alexander City, for appellee.

PER CURIAM.

To entitle appellant to the relief he seeks by this motion it must be made to appear that within the time allowed by law he presented to the judge presiding at the trial a bill of exceptions stating the points of decision and the facts which must be *truly* stated. That means, of course, that the points and facts must be stated as they occurred on the trial in every substantial particular. In this case we find that this has not been done, and section 6435 of the Code of 1923, under which this motion is filed, being highly penal, we must hold the appellant to the letter of the statute. Particular attention is directed to the following authorities: Eason v. State, 22 Ala. App. 424, 116 So. 409: Finney v. Sullivan, 22 Ala. App. 130, 113 So. 472; Sovereign Camp W. O. W. v. Ward, 200 Ala. 19, 75 So. 331; Fries v. Acme W. L. & C. Works, 18 Ala. App. 80, 89 So. 842.

The motion is overruled.