150 So. 174

## THOMPSON et al. v. MANUFACTURERS' FINANCE ACCEPTANCE CORPORATION.

### 6 Div. 9.

Court of Appeals of Alabama.
Jan. 19, 1932.

Rehearing Denied March 22, 1932.

See, also, post, p. 534, 150 So. 175; 150 So. 178.

Von L. Thompson, of Birmingham, for appellants.

London, Yancey & Brower and Al. G. Rives, all of Birmingham, for appellee.

## PER CURIAM.

This cause is submitted here on appellant's motion to establish a bill of exceptions under and in pursuance of the terms of Code 1923, § 6435.

It appears without conflict that, judgment against them, in a suit brought by appellee, being rendered in the lower court, they thereafter in due time prepared and presented to the trial judge a purported bill of exceptions in furtherance of their legally declared intention of appealing from the said judgment to this court.

It is further without conflict that the trial judge retained said bill of exceptions for more than sixty days, without approving same. In fact, on the sixtieth day, the trial judge definitely refused to sign the bill of exceptions which had been presented to him, and gave as his reason therefor, after specifying some particulars substantiating his statement, that the same was "not a true bill of exceptions."

Section 6433 of the Code provides that "the bill of exceptions must, *if correct* [italics ours], be signed by the judge within sixty days thereafter" (meaning, after the date of presentation). Of course, if it is *not correct*, there is no duty on the part of the judge to sign same.

In a procedure of the sort here we are asked by the movants to, in effect, declare the trial judge guilty of a "high misdemeanor in office."

Consequently, after examining the evidence offered (though we doubt its competency—not being taken in accordance with Supreme Court Rule 40, Code 1923, vol. 4, p. 892), we repeat, as in all respects applicable here, what we said in the case of Browning v. Lockett, 23 Ala. App. 548, 129 So. 295, 296, to wit: "To entitle appellant to the relief he seeks by this motion it must be made to appear that within the time allowed by law he presented to the judge presiding at the trial a bill of exceptions stating the points of decision and the facts which must be truly stated. That means, of course, that the points and facts must be stated as they occurred on the trial in every substantial particular. In this case we find that this has not been done, and section 6435 of the Code of 1923, under which this motion is filed, being highly penal, we must hold the appellant to the letter of the statute. Particular attention is directed to the following authorities: Eason v. State, 22 Ala. App. 424, 116 So. 409; Finney v. Sullivan, 22 Ala. App. 130, 113 So. 472; Sovereign Camp, W. O. W. v. Ward, 200 Ala. 19, 75 So. 331; Fries v. Acme W. L. & C. Works, 18 Ala. App. 80, 89 So. 842."

The motion is overruled.

Motion overruled.