## BELL v. FISCHER CHAIR CO.

### 4 Div. 718.

Supreme Court of Alabama.

Oct. 12, 1933.

E. W. Norton, of Clayton, for appellant.

Guy W. Winn, of Clayton, for appellee.

BROWN, Justice.

This is an action of assumpsit for merchandise, goods and chattels sold by the plaintiff to defendant's testator; the complaint consisting of the common counts. The pleas were the general issue, payment, and the statute of limitations.

The questions sought to be presented relate to rulings on the admission of evidence, the giving and refusal of special charges, and the overruling of defendant's motion for a new trial.

There was a timely presentation of a bill of exceptions to the trial judge, who failed to sign the same, and thereafter the appellant applied to Hon. C. R. Bricken, the Presiding Judge of the Court of Appeals, the court to which the appeal was taken, for approval of the bill of exceptions, and Judge Bricken indorsed on the bill of exceptions the following: "The foregoing bill of exceptions is hereby approved and signed as a true and correct bill of exceptions in said cause on November 3rd, 1932. C. R. Bricken, Presiding Judge, Court of Appeals."

The appellant misconceived his remedy. While section 6437 of the Code authorizes the approval of bills of exceptions in cases appealed to that court, by any of the judges thereof, as provided by section 6436, by justices of the Supreme Court, it does not authorize the approval of a bill of exceptions where the bill was presented to the trial judge and he fails or refuses to sign the same. The remedy in such case is by motion made in the court where the appeal is taken to establish such bill. Jaffe v. Leatherman, 221 Ala. 178, 128 So. 449; Fries v. Acme White Lead & Color Works, 18 Ala. App. 80, 89 So. 842.

This defect in the record is not cured by the provisions of section 6434 of the Code, which "allow parties to waive or consent for the time of signing bills of exceptions" by the trial judge.

The writing incorporated in the record as a bill of exceptions must therefore be disregarded, and, as no question is presented on the record, the judgment of the court will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.