164 So. 211

**HUGHES v. STATE.**

**7 Div. 132.**

Court of Appeals of Alabama.

June 28, 1935.

Rehearing Denied Aug. 27, 1935.

Chas. F. Douglass, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws and William H. Loeb, Asst. Attys. Gen., for the State.

RICE, Judge.

Judgment from which this appeal is taken was entered on October 17, 1934, by Hon. W. B. Merrill, at that time circuit judge for Calhoun county. Thereafter, within the 90 days provided by statute (Code 1923, § 6433), but after the expiration of the term of office of Judge Merrill, on, to wit January 15, 1935, the bill of exceptions was, as is allowed (Code § 6433, supra), presented to the circuit clerk for said county. Before the expiration of 60 days from the said date of presentation to the clerk, and without, as appears, any action being taken by the former circuit judge, Hon. W. B. Merrill, the bill of exceptions was, on to wit, March 12, 1935, presented to Presiding Judge C. R. Bricken, of 'this court. The attorney representing appellant and the deputy solicitor for Calhoun county, who prosecuted for the state at the trial of appellant, entering into the written agreement that the bill of exceptions as presented to Judge Bricken was a correct one, Judge Bricken then and there, on to wit said March 12, 1935, signed and approved the same; we presume under the supposed authority of Code 1923, § 6437 (§ 6436).

It may be that the bill of exceptions should not be by us disregarded, Munson S. S. Line v. Harrison, 200 Ala. 504, 76 So. 446, though we have serious doubt as to the matter. Code 1928, §§ 6438(1), 6438(2), 6438(3) and 6438(4); Jaffe v. Leatherman, 221 Ala. 178, 128 So. 449; Bell v. Fischer Chair Co., 227 Ala. 374, 150 So. 141.

■ At any rate, no motion being made to strike the bill of exceptions, and a difference of opinion being bound, in the nature of things, to arise in our court should we undertake to declare the bill of exceptions a "non est factum," we have concluded to proceed with a consideration of the appeal on its merits.

Appellant with two others, who, so far as appears, were never arrested, was indicted for the robbery of one C. W. Bentley.

Appellant was regularly put on trial, alone. The state relied almost in toto on the testimony of said Bentley for a conviction. His said testimony made out a complete case, if believed beyond a reasonable doubt, against appellant, of the offense charged in the indictment, and of which appellant was convicted, to wit, robbery.

The defense was an alibi.

Really, we see nothing worthy of discussion apparent.

■ The witness Bentley being very positive in his identification of appellant as one of the men participating in his robbery, and being subjected to a grilling

cross-examination made in an effort to cause him to express some doubt that appellant was one of the men (and never expressing any doubt), we cannot see that, regardless of the technical propriety, vel non, of the question, it mattered one way or the other that the state was allowed to ask the witness the question, "Have you any doubt about 'that?" meaning about his identifying appellant as the man who held the gun on witness while he was being robbed. It just simply could not have worked any prejudice to appellant's rights, under the circumstances.

Other exceptions reserved were to rulings of no more importance than the one discussed above.

The issue in the case was of the simplest. Appellant was accorded every right to which he was entitled under the law. The state was allowed no unfair advantage.

The trial and proceedings throughout were conducted and had in the way provided by the law.

We find, nowhere, a prejudicially erroneous ruling nor action by the court, and the judgment of conviction is affirmed.

Affirmed.