168 So. 587

### BYNUM v. SOUTHERN BUILDING & LOAN ASS'N.

#### 6 Div. 757.

Supreme Court of Alabama.

April 16, 1936.

Rehearing Denied June 11, 1936.

H. H. Grooms and Coleman, Spain, Stewart & Davies, all of Birmingham, for appellant.

Lange, Simpson & Brantley, of Birmingham, for appellee.

KNIGHT, Justice.

This cause was submitted on merits, and motion to strike the bill of exceptions.

The case was tried on May 2, 1933, resulting in verdict and judgment for the defendant.

The plaintiff seasonably filed motion for a new trial, and which, by proper orders of continuance, was passed to, and heard on December 1, 1934. On that date the court overruled and denied plaintiff's said motion.

■ The cause was tried before the Honorable Roger Snyder, one of the then judges of the circuit court of Jefferson county. Judge Snyder's term of office expired in January, 1935, and thereafter he had and possessed only such power and authority over cases theretofore tried by him as were conferred by the statute. Acts of the Legislature of 1927, p. 213.

The bill of exceptions copied in the record bears the following indorsements:

"The foregoing bill of exceptions was presented to me, Osa L. Andrews, Clerk of the Circuit Court, on the 20th day of February, 1935, and filed on said date.

"O. L. Andrews, Clerk of Circuit Court."

"The foregoing bill of exceptions was presented to me, the presiding judge in said court, on the 21 day of February, 1935.

"Roger Snyder, as Trial Judge in this cause for the Circuit Court of Jefferson County, Alabama."

"Apr. 17/35. This bill of exceptions is presented to me and I decline to approve and sign the same.

"Roger Snyder, as Trial Judge in this cause."

Thereafter, on April 23, 1935, the appellant presented his bill of exceptions to a justice of this court for approval and allowance; and on the 7th day of June, 1935, the justice made and entered the following order upon the bill of exceptions: "The foregoing bill of exceptions is hereby taken, established, signed and approved as a true and correct bill of exceptions."

It was held by this court in Sovereign Camp, W. O. W. v. Ward, 200 Ala. 19, 75 So. 331, that the purpose of section 3022 of the Code of 1907, as amended by the act of 1915, p. 816 (now codified as section 6436, Code 1923) "was to authorize the approval of a bill of exceptions by a justice of this court only in cases where the judge who tried the case could not legally do so because of death, resignation, removal from office, or who, from sickness or absence from the state and county, is unable to accept a presentation of same, and does not apply to cases where the trial judge is still in official existence and could legally approve the same, but fails or refuses to do so after the same has been properly presented. * * * The appellant's remedy for establishing same is under section 3021 [now section 6435 of the Code of 1923] of the Code, and not the Act of 1915."

On August 2, 1927, an act of the Legislature (Acts 1927, p. 213) was approved by the Governor further regulating the signing and approving of bills of exceptions, where the trial judge had resigned, his term of office had expired, or he had been removed from office. Sections 1, 4, and 5 of this act read:

"Section 1. That it shall be the duty of all trial judges of this State whenever they resign, or their terms of office expire, or they are removed from office, to endorse the true date of the presentation of any bill of exceptions presented to him in causes where he presided within the time now provided by law or within the time that may hereafter be provided by law after such bill of exceptions is presented to him. If such trial judge is sick or out of the county where the cause was tried, or for any other cause the bill of exceptions cannot be presented in person to such trial judge, then the same may be presented to the Clerk of the Court where the cause was tried and the true date of such presentation be endorsed and signed by him and delivered by him to the trial judge within all convenient speed. * * *

"Section 4. Whenever such trial judge fails or refuses to approve any bill of exceptions so presented to him application may be made as now provided by law, or as may hereafter be provided, for the establishment of the same by the party desiring to appeal.

"Section 5. That such trial judge shall, if he finds same correct, approve such bill of exceptions, signing the same 'as Trial Judge in this cause' which bill of exceptions shall be as legal and effective as if the trial judge were still in office. When thus approved the bill of exceptions shall be delivered by the trial judge to the Clerk of the Court where said cause was tried who shall proceed at once to prepare the transcript of said cause."

■ The purpose and effect of this act were to prolong the official existence of the judge, who presided at the trial of a cause, beyond his then tenure of office, as regards the approval or disapproval of bills of exceptions. In the matter of the approval or disapproval of bills of exceptions, in such causes, the trial judge retained all the power and jurisdiction as if his tenure of office had not ceased. Over these matters, the trial judge was and is given, pro hac vice, the power and jurisdiction of a de jure judge of said court.

■ So, after the expiration of Judge Snyder's term of office in January, 1935, the act of August 2, 1927, served to confer jurisdiction upon him, as the trial judge of this cause, to approve or disapprove a bill of exceptions, just as though he had been continued in office by the electorate.

■ Bills of exceptions are provided for by statute, and by statute only.

The bill of exceptions was properly presented to Judge Snyder for approval or disapproval. When he on April 17, 1935, declined to approve the same, but one course was open to appellant, and that was to file application in this court, within sixty days from the refusal of Judge Snyder to sign the bill, to establish the same. Appellant's remedy was under section 6435 of the Code. He did not pursue this remedy.

Instead of proceeding under section 6435 of the Code, appellant mistakenly proceeded under section 6436 of the Code, and in so doing has failed to establish a bill of exceptions in the mode provided by law.

The matter was and is jurisdictional, and neither consent nor waiver can cure the defect, nor breathe life into an abortive proceeding, abortive for lack of jurisdiction and authority. Bell v. Fischer Chair Co., 227 Ala. 374, 150 So. 141.

■ It follows that what purports to be a bill of exceptions, incorporated in the record, must be stricken on appellee's timely motion. It is so ordered.

No errors are assigned as to any ruling shown by the record proper, and it follows that the judgment appealed from must be, and is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.