10 So.2d 47

**BEVIS et al. v. WISHART et al.**

4 Div. 715.

Court of Appeals of Alabama.

June 30, 1942.

Rehearing Denied Oct. 6, 1942.

A. L. Patterson, of Phenix City, for appellants.

W. R. Belcher, of Phenix City, for appellees.

RICE, Judge.

The judgment in this case was rendered on May 30th 1941.

The Code of 1940 became effective on May 31st 1941. Prior to that date, and on May 30th, 1941, the Code of 1923 was in effect.

Some principles here pertinent and appertaining have been announced by our Supreme Court; and the same, of course, bind and control us. Code 1923, Sec. 7318, Code 1940 Tit. 13, Sec. 95.

We list them, to-wit (it will be kept in mind that the Supreme Court was referring to Section 10 of the Code of 1907, but which, however is the same in the essential particular as Sec. 9 of Tit. 1 of the Code of 1940—so that the pronouncements of that court apply in the instant case—the "old Code" being the Code of 1923, and the "new Code" being the Code of 1940) : "It is clear that the old Code applied to all cases of appeal in which the judgment or decree was rendered before the new Code became operative." Jones v. Jones, 162 Ala. 287, 50 So. 310, 311.

Continuing, the late beloved Justice Mayfield, who spoke for the court in this Jones v. Jones case, said: "The question is therefore presented to us which of the two Codes applied or controlled as to the signing of the bill of exceptions. It is clear that the old Code applied to all cases of appeal in which the judgment or decree was rendered before the new Code became operative. This is made clear by section 10 of the Code, which has always been the repealing and retaining section of all previous Codes, and is made such as to the present Code, being now substantially as it has always been. This section has always contained the following provisions: 'This Code shall not affect any existing right, remedy, or defense, nor shall it affect any prosecution now commenced, or which shall hereafter be commenced, for any offense already committed. As to all such cases the laws in force at the adoption of this Code shall continue in force.' The question under consideration clearly falls within this Code provision, and as to it the old Code provisions continue in force."

"But * * * an appeal is a part of the remedy * * *." Theo. Poull & Co. v. Foy-Hays Construction Co., 159 Ala. 453, 48 So. 785, 787.

The above being true, it is our opinion, and we hold, the appeal in this case, and all its incidents—including the establishment of the bill of exceptions—is governed by the provisions of the Code of 1923 —the Code in effect when the judgment from which the appeal is taken was rendered. Authorities above; and see Tit. 1, Sec. 9 of the Code of 1940.

Under the Code of 1923, where, as here appears, a bill of exceptions is presented within proper time to the trial judge and he refuses to sign and approve same the remedy of an appellant is to make a motion to establish same before this court (the appeal being taken to this court), under the provisions of Code 1923, Sec. 6435.

But here the appellants mistook their remedy. They proceeded to establish the bill of exceptions before the Presiding Judge of this court—under the supposed authority of Code 1940, Tit. 7, Sec. 824. And this Code section does seem to furnish such authority, if it were here applicable.

But we think we have shown hereinabove the bill of exceptions, in order to be here recognized should have been established— if it could have been—under the provisions of Code 1923, Sec. 6435—a section not left out, but largely eviscerated as Tit. 7, Sec. 826 in the Code of 1940.

And not having been so established, it must here be disregarded—by express command of our Supreme Court. Bell v. Fischer Chair Co. 227 Ala. 374, 150 So. 141.

But in the absence of a bill of exceptions, and upon the record proper, it appears that the judgment here appealed from was rendered in disregard of the law appertaining—as we gather from a reading of the opinion in the case of Visible Measure Gasoline Dispenser Co. v. McCarty Drug Co., 206 Ala. 588, 91 So. 383—and hence should be reversed, set aside, and held for naught.

And it is so ordered.

Reversed and remanded.