McMILLAN, Judge
(dissenting).
The majority opinion has ignored the doctrine of harmless error in finding that the trial court abused its discretion in limiting the defense counsel’s cross-examination of Hanceville undercover police officer Charles Ivey. The trial court did not allow the defense counsel to impeach the testimo *1219 ny of State’s witness Officer Ivey regarding his testimony that he remained in Hanceville after the alleged second marijuana sale was consummated. The defense counsel, through her impeachment cross-examination, was attempting to show that Officer Ivey went with the appellant some time after the alleged marijuana purchases to the Desperado lounge in Birmingham and that he returned home intoxicated at approximately 4:00 a.m. According to Officer Ivey, the second marijuana purchase occurred at approximately 7:17 p.m. at Jeff’s Quick Stop in Hanceville. Officer Ivey testified that he remained in Hance-ville after the second purchase of marijuana from the appellant. He also testified that after making his notes regarding the details of the purchase at approximately 9:00 or 10:00 p.m., he went to bed. The appellant, however, testified that he met Officer Ivey at Jeff’s Quick Stop at approximately 5:30 p.m. on the night in question and that he went to Officer Ivey’s apartment thereafter. He further testified that he and Officer Ivey remained there until approximately 7:30 p.m. whereupon they traveled to the Desperado lounge in Birmingham. The appellant also testified that after visiting the Desperado lounge, he and Officer Ivey returned home at approximately 4:00 a.m.
The trial court limited cross-examination of Officer Ivey to the details surrounding the crime charged, thus preventing the defense counsel from impeaching Officer Ivey’s credibility regarding his testimony as to what transpired during the hours after the alleged marijuana sale, and thereby preventing the defense counsel from showing the “physical and mental condition” of Officer Ivey on his alleged return trip from the Desperado lounge hours after the sale. The identical testimony that the defense counsel was attempting to elicit from Officer Ivey through his impeachment cross-examination was introduced into evidence several times through three defense witnesses.
As recognized in the majority opinion, “there was defense testimony that Ivey was at the Desperado lounge and that he was intoxicated upon his return home.” Three additional witnesses testified to the same matters that the defense counsel was attempting to elicit through the impeachment cross-examination of Officer Ivey. The appellant, Michael Jacobs and Carlene Myrick all testified that Officer Ivey was at the Desperado lounge on the night in question and that he was intoxicated upon his return home. The trial court allowed the defense counsel to repeatedly put before the jury the nature of the conflicting testimony.[1]
Thus, because of the cumulative nature of the testimony regarding Officer Ivey’s mental and physical condition during the hours after the sales were consummated, it is my opinion that even if the trial court abused its discretion in refusing to allow extensive cross-examination for impeachment purposes of Officer Ivey regarding the events during this time period, any error was to be rendered harmless. Wiggins v. State, 491 So.2d 1046 (Ala.Cr.App.1986); Childress v. City of Huntsville, 459 So.2d 1008 (Ala.Cr.App.1984); Bell v. State, 466 So.2d 167 (Ala.Cr.App.1985).
Second, since the record indicates that Officer Ivey had an independent knowledge and memory of the actual marijuana sale,[2] a determination of the materiality or relevance of such cross-examination is vested in the sound discretion of the trial judge and a trial court may properly limit cross-examination with respect to matters that *1220 are irrelevant, collateral, or repetitious. Buckelew v. State, 48 Ala.App. 411, 265 So.2d 195 (1972); United States v. Irvin, 736 F.2d 1489 (11th Cir.1984); Riley v. City of Huntsville, 379 So.2d 557 (Ala.1980). The discretionary power of the trial court will not be reviewed absent gross abuse. Coburn v. State, 424 So.2d 665 (Ala.Cr.App.1982).
Further, the record reflects that Charles Ivey’s testimony concerning the specific details of the offense were clearly and precisely related on direct examination. These notes were used under the trial practice of “present recollection revived” rather than “past recollection recorded.” For a discussion on the differences between these two uses of memorandums, see C. Gamble, McElroy’s Alabama Evidence, § 116.01 (3d ed. 1977); Acklen’s Executor v. Hickman, 63 Ala. 494 (1879). Under “present recollection revived,”
“[t]he only distinguishing difference between testimony thus given and ordinary evidence of facts is that the witness, by invoking the assistance of the memorandum, admits that, without such assistance, his recollection of the transaction he testified to has become more or less obscured. It is the witness’ testimony, not the writing, which becomes evidence in the case....”
McElroy’s, § 116.01. Thus, such notes are only used to refresh a witness’s memory so that he can testify “as a matter of independent recollection.” Id. Therefore, because the appellant was allowed his rights to a full cross-examination of Charles Ivey concerning the events of the offenses in question, any error in preventing the impeachment of the witness concerning his mental capacity at the time the appellant speculates that Officer Ivey may have made his notes was a matter that should be vested in the trial judge. The witness’s use of the notes, which he alleges were made at 9:00 p.m. or 10:00 p.m., went to his credibility and through his own admission of some uncertainty, concerning the events following the sales, McElroy’s, § 115.01(3), Hughes v. State, 26 Ala.App. 544, 164 So. 211 (1935), the jury, based upon all the evidence, could determine the weight to be given his testimony. The trial judge did not grossly abuse his discretion in the present case. Thus, any error resulting from the trial court’s limiting the defense counsel’s cross-examining for impeachment purposes was rendered harmless.

. "[Defense counsel] MS. PASCHAL: Mr. Ivey testified that he didn’t recall anything that he did. I want to bring that out to the jury.
"THE COURT: You can argue that from now on, what his testimony was, what the Defendant’s testimony was, where it conflicts.
"MS. PASCHAL: Yes, sir.
"THE COURT: Something else? You can argue conflicting testimony, if there is a conflict, that is a question you folks can argue."

. The following transpired on cross-examination of Charles Ivey:
"[Defense Counsel]: I believe you have a copy of your notes before you, is that right?
"[Charles Ivey]: Yes, ma’am.
"[Defense Counsel]: You are basing your testimony primarily from your recollection?
“[Charles Ivey]: From this and what happened."